## COLEMAN and wife *vs.* PLAYSTED and wife.

An action for slander, in charging the plaintiff with having " *stolen* tea, sugar and calico and carried it away," will not be sustained by proof that the defendant alleged the plaintiff " *took* tea and coffee from her [the defendant] and she found then in her things ;" or that " she [the plaintiff] had *taken* tea and calico," &c.

The words proved not being actionable *per se,* inasmuch as they do not necessarily impute the commission of a crime, an action can be sustained upon them only by proving that they were uttered with intent to impute a felonious taking of the goods, and were so understood by the hearers.

Coleman *v*. Playsted.

Where the judge, in such a case, disregards the variance between the words stated in the complaint and the words proved, and allows the case to go to the jury upon the proofs, on a charge submitting the question of the actual meaning and sense of the words used, this will be equivalent to an amendment of the complaint on the trial, substituting the words proved for those alleged in the complaint.

The court will therefore treat the complaint as amended, or allow it to be amended *nunc pro tunc*, to sustain the verdict.

Where the question submitted to the jury is, what was the meaning and sense of the words proved, as understood at the time, all that was said by the defendant during the same conversation, and in the same connection, is admissible in evidence, for the purpose of giving character to the words spoken, and showing malice.

APPEAL from an order made at a special term, denying a motion for a new trial. The action was brought to recover damages for an alleged slander of the plaintiff's wife, uttered by the wife of the defendant. The slanderous words charged in the complaint were as follows: "I will not have the stinking bitch around my house any more, for I have to keep a lock and key when she is there, to lock up every thing I have, for she has stolen tea, sugar and calico, and carried it away from there, home." Jane Eves testified the defendant said, "she had to lock up every thing in a trunk, to keep people from stealing it; she had thieves in the house; when she had Mr. Coleman's wife there, she took things of hers." On another occasion she said, "she had her to work for her, and she took tea and calico from her, and she found them in her things; she was a thief, and, by G—d, she could prove it." Olive Conklin testified, "she said they could hire Mr. and Mrs. Coleman, but did not want to, because she was such a thief, and such a bad character; she had taken tea and calico, and I think she said sugar;" and she "said she could prove that." At the close of the plaintiff's testimony the defendant moved for a nonsuit, on the ground that the plaintiff had failed to prove any of the words as laid in the complaint. The judge refused to grant the motion, and the defendant excepted. The defendants not offering any evidence, the court charged the jury, and, among other things,

charged and instructed them, "that they would have a right
to take into consideration the fact, that defendant said of the
plaintiff she was a 'thief,' if she said so, not for the purpose
of giving damages for so saying, but it was a proper piece
of evidence when she said taking tea, sugar and calico, to see
what idea was meant to be conveyed by the word 'take.'" &c.
To which the counsel for the defendant excepted. The jury
found a verdict for the plaintiff.

*D. J. Sunderlin,* for the plaintiffs.

*D. B. Prosser,* for the defendants.

*By the Court,* E. DARWIN SMITH, J. The words for the
speaking of which this action was brought, as stated in the
complaint, are as follows: "She (referring to the plaintiff's
wife) *has stolen tea, sugar and calico, and carried it away
from there, home."* These words, as understood in their
ordinary sense, impute a larceny, and are actionable *per se.*
The words proven on the trial, by one witness, were, *"she
took tea and calico from her, and she found them in her
things;"* and by another witness, they were, *"she had taken
tea and calico, and I think she said sugar."* Neither of
these sets of words are actionable *per se.* To *steal* tea,
sugar or calico, is to commit a larceny. To *take* either of
those articles, is not necessarily to commit a crime. It may
mean nothing more than a trespass, and the taking might be
entirely innocent. The action therefore clearly was not sus-
tained by the proof of those words. It could only be sus-
tained, upon these words, by proving that they were uttered
with intent to impute a felonious taking of the goods, and
were so understood by the persons to whom they were ad-
dressed, or in whose presence and hearing they were uttered.
Before the code, the plaintiff must have been nonsuited for
the failure to prove any of the actionable words stated in the
complaint. But a more liberal practice now prevails. The
judge disregarded the variance in the words, according to

section 176 of the code, and allowed the case to go to the jury upon the proofs, upon a proper charge submitting the question of the actual meaning and sense of the words used. Disregarding the variance between the words stated in the complaint and the words proved, was equivalent to an amendment of the complaint on the trial, substituting the words proved for those alleged in the complaint. As such an amendment might doubtless have been made on the trial, in the discretion of the judge, and such discretionary order or decision would not be reviewable, we must treat the complaint as amended, or allow it to be now amended *nunc pro tunc,* to sustain the verdict. (*Rayner* v. *Clark,* 7 *Barb.* 581. 19 *id.* 371. 20 *id.* 42, 47. 1 *Kern.* 287.) The case was tried upon the theory that the plaintiff might recover if the jury was satisfied that the words proved were intended to impute a felonious taking of the goods. Upon this theory, the exception to the charge that the jury might consider other words used in the same conversation which were actionable *per se,* in giving a construction to the sense and meaning of the words used, is not well taken. It was stated by one witness, that the defendant's wife said of the plaintiff's wife, in the same conversation in which the alleged slanderous words were uttered, "that the plaintiff's wife was a thief, and, by G—d, she could prove it;" and also by another witness, it was proved that the defendant's wife said they could hire Mr. and Mrs. Coleman, but did not want to, because "she was a thief," &c. This also was said in connection with the slanderous words proved, and in the same conversation. In his charge, the judge advised the jury that they had a right to take into consideration these words, not to give damages for them, but to give character to the words spoken. As the question submitted to the jury was what was the meaning and sense of the words proved, as understood at the time, certainly all the conversation of the party at the time was admissible on that point. The words spoken must be construed in the light of the whole of the remarks of the party,

Coleman *v.* Playsted.

and all that was said in the same conversation and connection. It is a mistake, I think, that a subsequent action might be maintained for such other actionable words spoken at the *same time.* When there is in substance but *one charge*—and that was in this case the imputation of larceny—it matters not, I think, in how many different forms or phrases of speech the charge is made or repeated in the same conversation; but one action will lie. If a man makes or repeats a slanderous charge, in one conversation, in twenty different forms or phrases of speech, the party slandered could not maintain twenty different actions. He could maintain one action by proof of any of the actionable words, and the residue of the words would be necessarily provable as part of the *res gestœ,* or on the question of malice, but I cannot conceive that more than one action could be maintained in respect to the same slanderous charge. In the case of *Campbell* v. *Butts,* (3 *Comst.* 173,) the words given in evidence to show malice, do not appear to have been uttered in the same conversation with the words for which the action was brought, or to have related to the same charge, and must have been uttered at different times; for it is stated that some were spoken before and some after the commencement of the suit. But in this case, I cannot think if the defendant's wife had accused the plaintiff of larceny, in twenty or more different forms of speech, on the same occasion and in the same conversation, that more than one action could be maintained for such slander. It will of course be otherwise if the slanderous words were uttered at different times, and on different occasions. I think, therefore, it was right to give in evidence all that was said by the defendant's wife at the time of the slander, to characterize the words and show malice. And as the case appears to have been fairly tried upon its merits, I think we ought not to disturb the verdict.

New trial denied.

[Monroe General Term, September 2, 1861. *Smith, Johnson* and *Knox,* Justices.]