Mr. Justice MILLEB,
 

 delivered the opinion of the court.
 

 It was decided, when this case was in this court before, that the bond, which is the foundation of the suit, was obligatory from the time of its acceptance by the Postmaster-General, and not from its date; and also that the term of office of Beers commenced, under his appointment, by and with the advice and consent of the Senate, on the day of that acceptance.
 

 The case having been remitted to the Circuit Court for a new trial, that court directed a verdict for the defendant, on the ground that there was a variance between the bond offered in evidence and the one set out in the pleadings. The variance is supposed to have reference to the time the bond took effect. It is claimed that the bond is described as being dated and taking effect on the 1st day of July, 1850, whereas the evidence showed, that while it bore that date on its face, it was not approved by the Postmaster-General until the fifteenth day of that month, and, therefore, under the decision in 19th Howard, did not become the bond of defendant until the last-mentioned date.
 

 
 *648
 
 Upon an examination of the declaration, it will be seen that the plaintiff declares on the bond, according to its legal effect, namely, that on July 1st, 1850, the defendant, by his certain writing obligatory, acknowledged himself indebted to the plaintiff- in the sum of $20,000. This manner of declaring gives no date to the bond, and merely gives the time when defendant became hound by it to the plaintiff. The rule that allegations of time, quantity, value, &e., need not be proved with precision, but that a very large departure from the time, quantity, &c., alleged, is allowable, is so well understood, and is so much a matter of every-day practice, that no citation of authority to sustain it is necessary. An indictment charging a prisoner with murder on the first day of July would be sustained by proving a murder committed on the fifteenth of that month. Iiow much more reasonable that a contract alleged to have been made on the first, may be supported by evidence of the same contract made on the fifteenth of the month ?
 

 But it is also a rule of evidence that when Words used in a declaration are
 
 descriptive
 
 of the instrument declared on, it must, when offered in evidence, conform strictly to that description ; and we concede that if it is alleged as part of the description of such an instrument that it bears such a date, or is dated of such a day, that no instrument will be admissible which does not bear that date.
 

 It is said by counsel that this declaration gives such a description of the date of the bond. A careful examination of it, however, shows no attempt at such description, and merely the usual necessary allegation of the time when the contract was made. If, however, counsel are correct in their construction of the declaration, still there is no variance, because the bond read in evidence actually bears the date which it is claimed that the declaration ascribes to it, and it therefore conforms to the supposed description.
 

 It is no variance, however, from the substance of the issue to show that, though dated the first of July, it took effect only on the fifteenth, because, as we have already shown
 
 *649
 
 the precise time when the contract became obligatory need not be proved on trial.
 

 The attempt to show that, by the pleadings subsequent to the declaration, it became necessary to prove that the contract became obligatory on the very day alleged, is equally unsuccessful. n,
 

 The defendant, by his third plea, alleges that from July 1st to September 30th his principal was deputy postmaster, under an appointment not confirmed by the Senate, and that the bond sued on was applicable to this appointment and to this period alone, and that during that time no default or breach of its condition occurred. The replication is, that on the day of the date of the bond, and from thenceforward for four years, Beers, the deputy postmaster, held under the appointment confirmed by the Senate, and that the bond covered his transactions during that time. To this defendant rejoined that Beers was not postmaster under the appointment set forth in the replication, but under the first — a Presidential appointment — and that the bond covered only the time mentioned in the plea.
 

 As it was proved on the trial that the bond was accepted on the 15th July, 1850, it follows, under the former decision of this court, that from that time forth the bond covered his liability, and that it was under the last appointment. The plea of the defendant fails, therefore, except as to the time between the first and fifteenth of July. It is not perceived how the precise day when the bond took effect is material otherwise than this, and the court, by refusing to permit any breach to be proved within those fifteen days, would have fully protected the defendant.
 

 All these pleas have relation to the legal effect of the bond, and none of them
 
 describe
 
 a bond different from the one offered in evidence. After the day had been fixed- by proof at which the contract became binding, it was material that no breach should be proved before that time; but the proof which fixed that date was no variance from any pleading of the plaintiff, nor from the substance of any issue made in the case.
 

 
 *650
 
 As these principles require a reversal of the case, it is not deemed necessary to notice the other exceptions, which are unimportant, and may not arise on a new trial.
 

 Judgment REVERSED.