ROBERT BROWN, Appellant, *v.* A. B. MOORE and D. M. FRENCH, Respondents.

## *Appeal from Wasco County.*

Variance—In an action on attachment bond, one allegation was, that the plaintiff had actually contracted a sale of the grain, afterwards attached; and the evidence rejected was, that he had a conditional promise, that upon a certain contingency the buyers would take the grain, and that contingency afterwards happened. *Held*, without deciding whether the rejected evidence made out a ground for special damage or not, that it was a variance which the court might disregard. *Held* also, that if it was discretionary to admit the evidence, nothing short of an abuse of discretion could be assigned as error.

Special Damages.—An allegation that the plaintiff could have earned five or seven dollars per day in hauling said grain under proposed contract, is not a sufficient averment to warrant special damages thereon. It does not show that he might not have earned an equal or greater amount, during the same time, elsewhere.

This action was based upon an undertaking entered into in a civil action to procure a writ of attachment. The complaint charges that the attachment was unlawfully issued,

and unlawfully levied upon about 100 bushels of oats, 100 bushels of wheat, 800 bushels of barley and ten tons of hay—one half of which belonged to plaintiff—that the property was detained, specifying the time, and the plaintiff was damaged thereby $220. Several grounds for special damages are set forth, two of which are stated as follows: Shortly before the said levy, the plaintiff made an agreement with Robbins and Weaver, to take of him, at Camp Watson, between 10,000 and 12,000 pounds of said grain, at four dollars per hundred pounds, in coin, which would have yielded, after deducting freight, $2.10 per hundred. That, after said attachment was discharged, the said plaintiff sold said grain for $1.62½ per hundred, the highest price he could obtain for the same, and thereby sustained loss in the sum of $52.25. That by means of the said plaintiff being prevented from freighting the said 10,000 or 12,000 pounds of grain to Camp Watson for Robbins and Weaver, according to the said contract made with them, the said plaintiff sustained great loss and damage, to wit: damage in the sum of $100. On these points the answer is as follows: "the price of grain when the plaintiff pretends to have sold his to Robbins and Weaver was about two cents per pound and no more, and the amount agreed upon for the delivery of grain at Camp Watson would not allow more than two cents per pound for the grain. Defendants deny that plaintiff had contracted his barley to said Robbins and Weaver. The defendants deny that the plaintiff necessarily lost any time on account of said attachment. On the trial, O. W. Weaver, a witness, testified that in July, 1868, the plaintiff contracted with Robbins and Weaver to deliver to them at Camp Watson, 130 miles distant, 100 bushels of oats at four cents in coin per pound, and that there was also an understanding between the contracting parties, that if the United States quartermaster would receive from Robbins and Weaver barley upon a contract, where Robbins and Weaver had undertaken to furnish oats, in that case, Weaver would receive from the plaintiff all the barley which plaintiff had raised, at four cents per pound; and that it was

afterwards ascertained, that Robbins and Weaver would have received plaintiff's barley at four cents per pound. On motion of defendant's counsel, this evidence was ruled out. The plaintiff offered to prove that he could have earned from five to seven dollars per day by hauling the grain in question to Camp Watson, and that it would have taken him about a month and eight or ten days to haul it. The court refused to admit the evidence. The judge instructed the jury that the plaintiff was not entitled to special damages, because of his alleged contract with Robbins and Weaver; nor for loss of profits, that he might have made in carrying the grain to Camp Watson. The plaintiff had a verdict and judgment for $40.50.

*Kelly & Reed,* for the appellant.

*O. Humason,* for the respondents.

UPTON, J. The plaintiff appeals from a verdict and judgment in his favor for an amount less than that claimed by him, and assigns as error :

1st. The ruling out of evidence in relation to the delivery of barley at Camp Watson.

2d. Ruling out the plaintiff's testimony concerning the profits he could have made by hauling the barley to Camp Watson.

3d and 4th. In instructing the jury on the same points.

The first and third assignments of error present but one point. Without examining the question whether the facts stated in the pleadings in regard to the contract for the delivery of barley, and its non-fulfillment, are a sufficient foundation for special damages—it seems, from the record, that the evidence rejected did not correspond with the allegations of the complaint. The allegation was, that the plaintiff had actually contracted to a sale of the grain, but the rejected evidence was, that he had a conditional promise —a promise, that, upon a certain contingency, the buyers would consent to take the grain, and that that contingency afterwards happened. If the evidence would have laid a

sufficient foundation for the special damages, it was within the discretion of the court to disregard the variance between the allegation and the proof.   (Secs. 94 and 95 of the Code.) But nothing short of an abuse of that discretion could be assigned as error on appeal—besides it is not clear that the facts offered in evidence would make a case for special damages.   The second and fourth assignments of error relate to the special damages arising out of the loss of the business of hauling.   The pleading is fatally defective upon this point.   It is not shown that the plaintiff was thrown out of employment, or that the five or seven dollars per day that he could have earned with his team in the business of hauling was any more than he could have earned at other business.   The allegations on this point, if true, do not show that he was specially damaged in this particular.   (1 Chitty, Pls. ss. 395, 398, 399.)

Judgment is affirmed.