3  325
4  114
3* 445
7* 649

## CAMPBELL ET AL. v. TAYLOR.

COMPLAINT, SUFFICIENCY OF, IN AN ACTION BY AN ADVERSE CLAIMANT AGAINST AN APPLICANT FOR PATENT.—It is not necessary for a party to allege in pleading more than will constitute *prima facie* a cause of action or defense; all beyond this is surplusage. Therefore, in an action by an adverse claimant against an applicant for patent to quiet title to a mining claim, which appeared to have been a relocation of another claim formerly held by the defendant, a complaint which contains a general allegation of ownership and possession in the plaintiff is sufficient, although the facts constituting an alleged abandonment and forfeiture by the defendant are not pleaded.

SURPLUSAGE IN A PLEADING IS NOT THE SUBJECT of a demurrer.

APPEAL from the second district court. A demurrer to the amended complaint having been sustained, plaintiffs elected to stand upon the same, whereupon final judgment was entered for the defendant. The opinion states the facts.

*Marshall & Royle,* and *Hall & Marshall,* for the appellants.

*Sutherland & McBride,* for the respondent.

No briefs on file.

EMERSON, J.:

By leave of the court, appellants filed an amended complaint, to which the respondent demurred and answered at the same time. The cause coming on for argument on the demurrer, it was sustained, with leave to the appellants to amend, which they declined, and elected to stand by their amended complaint. Thereupon the court dismissed the complaint, with costs against the appellants; whereupon they prosecute this appeal.

The nature of the action is sufficiently set forth in the portion of the complaint copied below.

The complaint alleges that the appellants were the owners entitled to and in possession of a certain mining claim situated in Pinto Iron mining district, Iron county, Utah, known and recorded as the Tip Top, particularly describing it by metes and bounds and by reference to a section and township of the government survey; and further alleges that " said

vein or lode bears iron and other minerals, and said mining claim contains an area of nineteen thousand seven and four acres, and the whole thereof in conflict and included within the boundaries of the Great Western Iron Mountain Extension of the Mountain Peak mining claim and lode or vein sought to be patented by the defendant from the government of the United States, situated in section 25, said township and range.

"Plaintiffs further allege that the said Tip Top vein, lode, and mining claim is a relocation of a certain lode, vein, and mining claim, located and known as the Excell lode and mining claim, bearing iron and other minerals, situated in said district, county, and territory, and that the point of discovery, or discovery monument thereof, is and was the same and identical with and that selected for and established by the plaintiffs as and for the Tip Top lode and mining claim, and that the lode and area embraced in said Excell is about and substantially the same as embraced within the said Tip Top lode and mining claim; and in fixing the boundaries and in marking the claim upon the ground, and in making the monuments of said Tip Top lode, vein, and mining claim, the plaintiffs fixed upon and selected the same points for discovery and corner monuments that had been selected and fixed for the discovery and corner monuments for said Excell lode and mining claim by the locator thereof, and which are the said discovery and posts aforesaid repaired and rebuilt by plaintiffs, defining the lode and boundaries of said Tip Top lode, vein, and mining claim as aforesaid, the word 'posts' meaning the corner monuments of the claims. And that in making the record of the location notice of said Excell lode and mining claim in and upon the mining records of said district, through inadvertence, there was a mistake made in giving the course 'south twenty-three degrees fifty-five minutes west from said initial point along the said center two hundred feet to a post in a mound of stone for the center of the easterly end, making one thousand five hundred lineal feet,' when the true course was and should have been south twenty-three degrees fifty-five minutes east; and also, through inadvertence, there was another mistake made in making the record of said location notice upon said record, in this, to wit: in

saying in the record thereof 'the above-mentioned monument, being the discovery of claim, is situated about north four degrees east, and about two thousand three hundred and eighty feet from the south-west corner of the south-east quarter of section 25, township 36 south, range 13 west, Salt Lake meridian, and about one thousand seven hundred and eighty feet north from the Chester No. 2,' the said figures 13 should have been 14 in said recordation, making the true range in which said Excell lode and mining claim was situated and said Chester No. 2 lode and mining claim was or is situated, range 14 instead of range 13, as appears upon the record of its location upon the said mining records of said district.

"Said record of the [notice of location of said Excell lode and mining claim, with the mistakes aforesaid, is in the words and figures as follows, to wit."

Then follows a copy of the notice of location of the Excell, signed by the respondent, following which the complaint proceeds:

"Plaintiffs further allege, on their information and belief, that if said Excell lode, vein, and mining claim, or the said Great Western Iron Mountain Extension of the Mountain Peak lode and mining claim, the latter more particularly hereinafter described, were or either of them ever was a valid mining claim or location, that the same and each of them were by the defendant and his grantors and locators thereof abandoned and forfeited prior to the location thereof by the plaintiffs as the said Tip Top lode, vein, and mining claim; that the amount of labor and other conditions and improvements required by law were not done or made by said defendant or his grantors upon said Excell or said Great Western Iron Mountain Extension of the Mountain Peak lodes, veins, and mining claims during each or any of the years since they or either of them were or was located, and the same and each of said lodes and claims were and was subject to relocations under the laws of the United States."

"And that on and prior to the tenth day of February, 1879, the premises hereinbefore described as the Tip Top lode, vein, and mining claim, and situated in the said Pinto Iron mining district of Iron county, Utah, were vacant, unoccupied, and unclaimed mineral land of the United States, and subject to

location under the mining laws thereof, and that on or about the tenth of February, 1879, the said plaintiffs being citizens of the United States over the age of twenty-one years, entered upon and explored said premises, found therein rock in place bearing iron, silver, and other precious metals, and thereupon, on or about said day, located and appropriated for a mining claim for said mineral fifteen hundred linear feet of and along said vein or lode of mineral and surface ground embracing said vein, lode, and mineral, and six hundred feet in width for the length aforesaid, three hundred feet on each side of said mineral vein or lode. That said locators, on the day the claim was located, erected a monument at the discovery on said ledge or vein of mineral, iron, silver, and other ores, and marked said mineral on the ground, distinctly by monuments, so that its boundaries could and be thereby easily traced, and posted at the discovery monument a written notice of said location containing the subscription and names of the locators, and a full description of said mining claim located by reference to natural objects and permanent monuments, fully identifying the claim. That said locators have remained in the possession of said mining claim and worked and improved the same in compliance with all the mining laws and customs, general and local, both of the United States and of said Pinto district. The same was recorded on or about the tenth day of February, 1879, in the office of the recorder of said mining district, and now remains of record therein.

"That the defendant pretends to have, own, and claims a certain alleged mining claim which is by said defendant called the Great Western Iron Mountain Extension of Mountain Peak mine or vein bearing iron, containing, as is alleged, one thousand five hundred linear feet by six hundred feet in width, designated by the field-notes and official plat on file in the United States land office at Salt Lake City, Utah, on application for patent, as lot No. 47, township 36 south, range 14 west of Salt Lake meridian, and by defendant alleged to have been recorded in the recorder's office of Pinto Iron mining district, Iron county, Utah, in book B, p. 143, and as part thereof own the said Tip Top mine, mining claim, or lode of plaintiffs. That defendant claims to be the owner of said Tip Top mining claim, and the mines and ores embraced

therein, adversely to plaintiffs ; and claims an interest or estate
therein adversely to plaintiffs, and he denies plaintiff's inter-
est or right to said mining claim, or any part thereof, all of
which claims or pretensions on the part of defendant are
without right, unlawful, and wholly unfounded.    That in
pursuance of the wrongful claim of defendant as aforesaid,
the defendant, on or about the fifteenth day of January, 1880,
made application for patent from the United States for said
pretended Great Western Iron Mountain Extension of Moun-
tain Peak mining claim No. 581, at the United States land
office in Salt Lake City, Utah, and by the said application
and survey accompanying the same included and embraced
the whole of said Tip Top mining claim, and lode or vein, and
the property hereinbefore set forth, and wrongfully set up
and claimed that said pretended Great Western Iron Mountain
Extension of Mountain Peak mining claim included the same,
and the same belonged to defendant.    And plaintiffs further
allege that said defendant well knew at the time he made his
application for a patent for said Great Western Iron Mountain
Extension of Mountain Peak mining claim, and long prior
thereto, that plaintiffs were during all of said time the owners
in possession and entitled to the possession of the said Tip Top
lode and mining claim, and of all the ores and metals included
within its boundaries.

" That within the sixty days of publication of notice of said
application for a patent, to wit, on or about the sixth day of
April, 1880, the plaintiffs filed in said land office at Salt Lake
City, under oath and in due form of law, their protest thereto,
and their adverse claim to said Tip Top lode and mining claim,
and to all of the ores, metals, and minerals embraced therein,
the said ores and mining claim being embraced and included
in the said alleged Great Western Iron Mountain Extension
of Mountain Peak mining claim of defendant, as described in
said application for a patent, in which plaintiffs fully set
forth the nature, boundaries, and extent of their adverse
claim, in compliance with the mining laws of the United
States, and which contained a diagram of the conflict of the
area of said claims and made by a deputy United States
surveyor.

" That five hundred dollars' worth of labor has not been

expended or improvements made upon the said Great Western Iron Mountain Extension of Mountain Peak mine or claim, either by defendant or his grantors, nor any such sum or amount whatever.

"Wherefore plaintiffs pray to be adjudged the owners," etc.

With his answer the respondent filed the following demurrer: "Said defendant, in addition to and in connection with his answer, says that he demurs to the amended complaint filed in this action, first, on the ground that it does not state facts sufficient to constitute a cause of action; second, that it is uncertain, ambiguous, and unintelligible, in this, that the premises in question are stated to have been located in township 36 south, of range 13 west, and yet are described and claimed to be situated in township 36 south, of range 14 west, Iron county, Utah territory."

The demurrer is not well taken upon either ground, and should have been overruled.

The particular portion of the complaint relied upon by the respondent in support of the first ground of his demurrer is the paragraph immediately following the copy of the notice of location of the Excell. He insists that "the whole scope of the paragraph is a verbose, general averment that the prior claims were abandoned and forfeited, and the consequent legal *status* of the premises." That there is no issuable fact stated therein. That such a general allegation of abandonment or forfeiture is but the statement of a legal conclusion.

The paragraph referred to is obnoxious to the objections urged against it, but it by no means follows that the whole complaint is bad. If this portion were entirely stricken out, there would remain a statement of facts sufficient to constitute a good cause of action, without omitting any material averment necessary to entitle the appellants to recover.

Without this paragraph, the complaint fully apprises the respondent of the grounds of the appellants' claim, and there can be no misapprehension as to the issues tendered, or the matters to be litigated on the trial. This is the sole object of all pleading.

It is not necessary for a party to allege any more in pleading than will constitute *prima facie* a sufficient cause of action or defense; all beyond this is surplusage.

Without the portion objected to, the allegations of this complaint constitute such a cause of action; the balance is surplusage.

A demurrer is not a proper mode to rid a complaint of superfluous matter.

There is no ambiguity or uncertainty in the respect mentioned in the remaining ground of the demurrer. The actual *locus* of the Tip Top, the mining claim of the appellants, is stated in the complaint definitely and in terms easy of comprehension and free from all reasonable doubt, which is all that is necessary: *Salmon* v. *Wilson,* 41 Cal. 595.

The judgment of the second district court is reversed, and the cause is remanded with directions to that court to overrule the demurrer.

Judgment reversed, with costs to the appellant.

HUNTER, C. J., and TWISS, J., concurred.