## City of Chicago v. John Miller Seben.

1.  PRACTICE—*As to Variances.*—Where a defendant moves to strike out the plaintiff's evidence on the ground of a variance between the declaration and the proofs he must point out wherein the variance consists.

2.  SAME.—*Instructions Must be Preserved in the Bill of Exceptions.*—Where the action of the court upon an instruction offered and refused is excepted to, the refused instruction must be preserved in a bill of exceptions if it is desired to review the action of the court on appeal or error.

3.  VARIANCE—*When a Question of Fact.*—The question of a variance between the allegation and the proof, where there is evidence to support the allegation, becomes a question of fact for the determination of the jury.

4.  SAME—*When the Question is to be Raised.*—A question of a variance between the pleadings and proofs, raised for the first time on a motion for a new trial, comes too late; it must be raised and specifically pointed out at the trial.

5.  CITIES AND VILLAGES—*Duty as to Openings in Sewers.*—It is the duty of a city to reasonably guard all openings in sewers, etc., so that persons lawfully traversing the streets with due care may not be exposed to unnecessary danger.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed January 22, 1896.

ROY O. WEST, BENJAMIN F. RICHOLSON and WORTH C. CAYLOR, attorneys for appellant.

McCRACKEN & CROSS, attorneys for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The brief of appellant states the facts, and its contention, as follows:

On the evening of April 8, 1892, while John Miller Seben, a resident of Chicago, and a shoemaker by trade, was walking home after searching for work, he stepped into a sewer inlet at the corner of Polk street and Blue Island avenue, in

the city of Chicago, and suffered a double fracture of his left leg, between the knee and the ankle. The night was very dark, there being a thunder storm, and it was raining. He pulled himself out of the hole, and, being discovered by the police, was taken to the Cook county hospital, where he remained for a year. He used crutches for seven months after leaving the hospital, and because of this injury, ever since he has been unable to follow his trade of shoemaker. On July 16, 1892, Seben, by his attorneys, began an action against the city of Chicago, asking for damages. At the trial, the injury and its severity were not disputed. Two things were relied on by the city as a defense, either one of which, if maintained, would avoid the action.

One is, that the sewer inlet in question was constructed in accordance with a general plan devised through no error in judgment, under the direction of the municipal authorities.

The other is that there is a complete variance between the allegations in the plaintiff's declaration and the proof, in that the declaration alleges that the plaintiff stumbled and fell into a catch basin, and the proof offered shows that the plaintiff was injured by stepping into a sewer inlet, situated several feet from the catch basin.

We will consider the last of these propositions first. At the conclusion of appellee's testimony, counsel for the city moved to strike out appellee's testimony, " on the ground of variance between the declaration and the proof," but did not point out wherein the variance consisted, and the motion was overruled.

Nor was the omission to point out the variance, at that time, cured by any subsequent motion during the trial. Immediately after the plaintiff had rested his case, counsel for the defendant, the appellant here, addressing the court, said :

" We want to offer this instruction to take away from the jury," and it is then recited in both abstract and bill of exceptions, that the requested instruction was refused by the court.

The abstract does not show what that instruction was, nor have we been able to find it in the bill of exceptions. We can not say, therefore, that it alluded at all to the question of variance. It is true that in the motion for new trial, it was urged that there was a variance between the allegation of the declaration, that the plaintiff stumbled and fell into a catch-basin and was injured thereby, and the proof offered by the plaintiff, which it was stated showed that the plaintiff was injured by stepping into a sewer-inlet situated from two to eight feet from the catch-basin. The plaintiff testified that he stepped off the sidewalk into a hole about three feet long, two and a-half feet wide, and two and a-half feet deep, situated one foot from the sidewalk, and that it happened after dark and during a thunder storm. Other witnesses for the appellee described the hole, with some variation, as to size and location, from that given by the plaintiff, and one of them in answer to a question put by counsel for appellant, as follows—

" Now this hole. That opening was an ordinary opening to a catch-basin or sewer, wasn't it, to let the water in there out of the street ?"—answered :

" Yes, sir, that is what it was."

Another witness for appellee, upon cross-examination, testified that the sidewalk extended from the building line to the curbstone, and that the edge of the hole was right up against the curbstone, and was left there for the purpose of allowing the water to run into the sewer or catch-basin.

Whether, therefore, the hole answered to the technical description of a catch-basin, or was a necessary adjunct to a catch-basin and was included within the common meaning and description of one, there being evidence to support the declaration, made as we think, the question of variance one of fact, and not one of law, and was for the jury to decide. Libby v. Scherman, 146 Ill. 540 ; Harris v. Shebek, 151 Ill. 237.

We do not think that a question of variance between allegation and proof, raised for the first time upon the motion for a new trial, when, if allowed, the delay and expense of

another trial must ensue, is entitled to much favor, where, as in this case, if properly raised and specifically pointed out at a time during the trial, it could easily have been obviated by an amendment.

As has been held in analogous cases, parties should not be permitted to speculate and take their chances with the jury, under the safe cover of a subsequent motion for a new trial, rather than, by specifically pointing out the variance, suggest amendments which, under the proof, would leave no possible way of escape.    Ransom v. McCurley, 140 Ill. 626.

The proposition first stated by appellant, that the hole, or opening, was in accordance with a general plan adopted by the city, through no error of judgment, and therefore the appellant is not liable, is not, of itself, correct.    Coupled with it there must, at least, be the further circumstance that if the plan were such that the condition of the street necessarily resulting therefrom was rendered unsafe and dangerous, reasonable precautions were employed to protect persons using the street in a lawful manner, and with due care against injury.

The evidence showed that the hole in question was wholly uncovered, and not protected by any barricade or warning of any kind, and, if not conclusively shown, the evidence strongly tended to prove that it had remained for a long time in that unguarded condition, and that the appellant had, or must be presumed to have had, notice of its condition.

It can not be denied but that the city had the right to make the opening into which the appellee fell, but the duty ensued upon the city to reasonably guard it when made, so that persons, lawfully and with due care traversing the street, might not be exposed to unnecessary and unreasonable danger.    City of Chicago v. Gallagher, 44 Ill. 295.

These questions were all submitted to the jury under evidence and instructions that need not be detailed, and their verdict was, in our opinion, fully warranted.    The judgment will therefore be affirmed.