### Charlotte E. Dorn and Gay Dorn, trading as C. E. Dorn & Co., v. A. S. Tyler and L. A. Hippach, trading as Tyler & Hippach.

1.   VARIANCES—*Question of to be Raised in the Court Below.*—Questions of variance must be raised in the trial court in order that an opportunity may be given to obviate the objection by an amendment.

2.   PRACTICE—*Where one Partner Defends Against a Promissory Note Made in the Firm Name.*—Where a partnership exists, and one partner desires to defend against a promissory note made in the firm name by another partner, on the ground that the firm name has been improperly used for the private purposes of another partner, a verified plea by the complaining partner denying the execution of the note, is requisite; and without such plea the execution of the note can not be questioned. A plea of non-joint liability will not take the place of one denying the execution of the note.

3.   SAME—*Proper Verification of Pleas.*—An affidavit of verification of a plea denying the execution of a note sued on, which fails to state that the plea is true, is fatally defective; the plea must be sworn to be true in order to constitute a verification of it within the meaning of the statute.

Assumpsit, on a promissory note. Appeal from the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed April 27, 1896.

Dorn v. Tyler.

Charles Pickler, attorney for appellants.

Gilbert & Gilbert, attorneys for appellees.

Mr. Justice Shepard delivered the opinion of the Court.

The appellees brought suit in assumpsit against the appellants as copartners, and declared specially upon a promissory note for $300, as made May 22, 1894, by the appellants by the name of C. E. Dorn & Company, payable to the order of appellees, ninety days after the date thereof, with six per cent interest.

The copy of the note which was attached to the declaration was signed by the name of C. E. Dorn & Co., and stated its date to be May 22, 1895.

The declaration also contained the usual common counts, including one for goods sold and delivered.

The defendants (appellants) filed their joint pleas of the general issue, and of non-joint liability verified.

When upon the trial, before a jury, the appellees offered the note in evidence, it was objected to on account of a variance between it and the note described in the special count; which objection being sustained, the appellees waived the special count, and elected to proceed on the common counts, and thereupon the note was allowed to be read in evidence under the common counts, over the objection of appellants.

The suit was begun May 20, 1895, and the declaration, which was filed May 25, 1895, alleged that the indebtedness mentioned in the common counts accrued June 1, 1895, a date subsequent both to the commencement of the suit and of the filing of the declaration, and a variance in such regard is urged.

There is nothing in the record to show but that the question of variance between the common counts and the proof is raised for the first time upon this appeal. The rule is imperative that questions of variance must be raised in the trial court, in order that opportunity may there be given

to obviate the objection by an amendment. Had the specific variance now urged here been pointed out on the trial, as it should have been if advantage of it were desired to be taken, it is plain from the context and circumstances, it would have been cured by an amendment then and there by a change from 1895 to 1894. City of Chicago v. Seben, 62 Ill. App. 248.

It was proved that the consideration of the note for which the one in question was given in renewal, was window glass for certain buildings that were being erected by the appellant Gay Dorn, and that he signed the note in the firm name. The note was therefore properly admitted as evidence of the liability of the makers for such goods, under the common counts.

It is not denied but that appellants were copartners. It being stated by her counsel that the partnership agreement was not in writing, the appellant, Charlotte E. Dorn, was allowed to testify that a partnership between herself and her co-appellant, Gay Dorn, her husband, existed, and was formed for the purpose of the purchase and sale of real estate, loaning of money, collecting of rents, and a general commission real estate business.

We need not discuss whether the buying of window glass was within the scope of a partnership formed and existing for such purposes, although it would seem to be not entirely foreign to some of the objects thereof.

It was, however, attempted to be shown that the appellant C. E. Dorn did not know of, authorize, or in any way ratify, the giving of the note in question.

. Where a partnership exists and one partner desires to defend against a promissory note made in the firm name by another partner, on the ground that the firm name had in such regard been improperly used for the private purposes of such other partner, a verified plea by the injured partner denying the execution of the note, is requisite; and without such a plea, the execution of the note can not be questioned, and a plea of non-joint liability will not take the place of one denying the execution. Zuel v. Brown, 78 Ill. 234; Practice Act, Chap. 110, Sec. 34, Rev. Stat.

True, the appellants did on two different occasions, once before the jury was impaneled, and again during the examination of the appellant C. E. Dorn, offer and ask leave to file their amended plea of the general issue, of non-joint liability, and of non-execution of the note, but leave to do so was denied, and was properly denied, for lack of a proper verification of the plea.

The affidavit to the offered plea was as follows, omitting all but the body of it:

" Gay Dorn and Charlotte E. Dorn, being duly sworn, on oath say they are not jointly liable for the payment of the note sued on herein, and Charlotte E. Dorn for herself says she did not execute the same."

The fatal defect of such an affidavit is that it omits to state that the plea is true. It was necessary that the plea itself should be sworn to be true, in order to constitute a verification of it within the meaning of the statute.

Other matters have been argued, but having examined them, we do not consider it material to add to what has been said, further than to say that we find no material error in the record, and that therefore the judgment will be affirmed.