## Congregation B'Nai Abraham et al. v. Fredericka Voigt.

1. PLEADING—*Effect of Allegations not Sustained by Proof.*—The right of recovery for an injury is not destroyed because the declaration in a suit in which it is sought to recover for such injury contains an allegation of another cause of action which the evidence does not sustain.

2. PRACTICE—*Objections to Judgment—When and How to be Raised.* —The objection that a judgment against several defendants is not sustained by the evidence as to all of them can not be raised for the first time on appeal, and a statement in a motion for a new trial that there was no evidence to sustain a verdict against the defandants and that the verdict was contrary to the evidence is not sufficiently specific.

Trespass, for injury caused by water. Appeal from the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 30, 1896.

A. J. REDMOND, attorney for appellants.

The court erred in refusing to dismiss the case, as the case made out was materially different from the one alleged in the declaration. A person can not allege one case and recover on another. Trunkey et al. v. Hedstrom et al., 131 Ill. 204; Chicago & A. Ry. Co. v. Henneberry, 28 Ill. App. 110.

WILLIAM E. O'NEILL, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This appeal is from a judgment for $350, recovered by the appellee against the appellants.

The declaration alleged that the defendant, with force and arms, broke and entered the plaintiff's close; "and did, with force and arms, * * * erect upon a portion of the premises described, a certain edifice commonly called a church, and did with force and arms place, or cause to be placed, upon the eaves of said edifice, a certain coping, which coping extends in and upon the premises and close of the said plaintiff, and by reason of the said trespass the said plaintiff has been greatly injured by the constant overflow of water and snow from said coping in and upon and against the aforesaid premises of the plaintiff," etc.

There was sufficient evidence tending to show an injury done to the plaintiff's premises from the precipitation thereupon of snow, ice and water, from the roof of the church, to justify the verdict of the jury, both in respect to the fact of injury and the amount of the recovery, if any recovery could be had, and we will not make further mention of that subject.

The allegation of the erection of the edifice upon a portion of the plaintiff's close was not sustained by the proof, but it was clearly established, and may, perhaps, be said to be no longer denied, that the coping upon several, if not all, of the pilasters upon the north side of the building, and perhaps the entire roof cornice upon that side of the building, extended over and overhung the premises of the plaintiff a varying distance of from three to six and one half inches at different points.

Such overhanging affording of itself a cause of action, the right of recovery for the resulting injury was not destroyed because there was joined to it an allegation of another cause of action which the evidence did not sustain.

It is urged that it was error to admit evidence tending to show that a wall extending from the front foundation wall of the church to the sidewalk line, but not reaching above the grade or level of the plat of ground in front of the church, rested in part upon the premises of plaintiff, because of there being no allegation in the declaration to support such proof.

Whether, or not, such a wall, which from the photographs in evidence appears to be a retaining wall, to hold in place the plat of ground upon which the broad and high steps to the church entrance rest, lying between the front of the church proper and the sidewalk, and which does not support, directly or indirectly, any part of the edifice except the front steps, may be said to be covered by the allegation that the church was erected upon a portion of plaintiff's premises, may not be altogether clear, and need not be decided.

It is quite plain that the appellants were not injured by the evidence in that regard. The evidence concerning it was slight and conflicting, and no injury resulting from it was attempted to be proved. Moreover, the instructions given in behalf of the appellants, (and none were offered or given in behalf of appellee,) eliminated all consideration of that subject by confining the jury's attention to the single element of injury arising from the overhanging by the coping, or cornice.

Another objection is made, because of the judgment being against the three individuals, Klausner, Peck and Simon, jointly with the appellant church corporation, or congregation. Such individuals were sued by their proper names, with the affix " trustees " following the names of them all. It was not alleged or proved what they were trustees of, and there was no attempt made to prove anything against them or either of them, either as trustees or as individuals. Had the point been made in the court below, and specifically assigned as error in this court, the judgment would have been erroneous. But neither the motion for a new trial in the Superior Court, nor the assignment of error here, specifically raised the objection, and it can not be taken advantage of, for the first time, by pointing it out in the briefs. The reasons in the motion for new trial, that there was no evidence to sustain a verdict against the defendants, mentioned in the declaration, and that the verdict was contrary to the evidence, constituted the nearest approach that was made to calling the attention of the trial court to the error

of the verdict being against all the defendants, but that was too general. The very error in regard to such a matter should have been specified, so that the trial court might then and there have relieved against it, by permitting a dismissal of the cause as to the said individual defendants.

The rule with reference to the specific pointing out of a variance is applicable. City of Chicago v. Seben, 62 Ill.. App. 248; Strodtman v. County of Menard, 158 Ill. 155.

Upon the whole record the judgment must be affirmed.