Argued 16 January; decided 19 February; rehearing denied 26 March, 1900.

### DENN *v*. PETERS.

[59 Pac. 1109.]

1. TRIAL—VARIANCE OF PROOF FROM DECLARATION.—Where a pleading describes or sets out an instrument sued on the evidence must strictly conform to the allegation, but mere general allegations need not be strictly proved; thus, where an action was brought for an installment of the purchase price of property, there is not a material variance between an allegation that defendant had agreed to pay $200 within a year and proof that he had agreed to pay only $100 the first year. The difference is only in the amount of the liability, not in the fact of liability, so that manifestly the defendant was not misled.

2. STATUTE OF FRAUDS.—A promise to pay a sum of money "inside of a year from now" is not within Hill's Ann. Laws, § 785, requiring agreements not to be performed within a year from the making thereof to be in writing.

From Douglas: J. C. FULLERTON, Judge.

Action by Jacob Denn against John P. Peters, to recover an installment of the purchase price of a tract of land. Plaintiff had judgment for part of his claim and defendant appealed.            AFFIRMED.

For appellant there was a brief over the name of *Coshow & Sheridan*, with an oral argument by *Mr. O. P. Coshow*.

For respondent there was a brief and an oral argument by *Messrs. F. W. Benson* and *J. C. Fullerton*.

MR. JUSTICE MOORE delivered the opinion of the court.

This is an action to recover a part of the purchase price of a tract of land. The complaint is as follows : "That on the eighth day of November, 1894, plaintiff bargained, sold, and delivered to defendant the following described real property, situate in Douglas County, Oregon, to wit : The southwest ¼ of southwest ¼ of section 25, township 29 south, range 9 west, at the agreed price of $600 ; that thereafter, on or about the fifteenth day of July, 1896, said defendant duly promised and agreed with plaintiff that he, said defendant, would pay the said purchase price as follows : $200 of said purchase price defendant would pay within one year from said date, with interest thereon at the rate of seven per cent. per annum from said eighth day of November, 1894, and the balance of said purchase price, $100, with interest at the rate of seven per cent. per annum, should be paid annually from the fifteenth day of July, 1897, until paid, when defendant should receive a deed therefor ; that, at the time of said purchase as aforesaid, defendant took possession of said real property, and has received the rents and profits thereof ever since, and is now possessed of the same ; that there is now due and owing from defendant to plaintiff under said contract of purchase the sum of $200, with interest thereon at the rate of seven per cent. per annum from November 8, 1894, no part of which has ever been paid. Wherefore plaintiff demands judgment against defendant for the sum of $200, with interest thereon from November 8, 1894, and the

costs and disbursements of this action." The answer specifically denies the allegations of the complaint, except defendant's possession of the premises; and upon the issues thus made the cause was tried, without the intervention of a jury, by the court, which found, in effect, that plaintiff was entitled to recover the sum of $100 on account of the principal, and $136.80 as interest, and, having given judgment in accordance therewith, defendant appeals.

1. It is contended by defendant's counsel that the following memorandum did not correspond with the substance of the material allegations of the complaint, and was not relevant to the questions in dispute, and that the court erred in admitting it in evidence over their objection and exception, to wit: "Know all men by these presents that I, John P. Peters, of the Town of Camas Valley, Douglas County, and State of Oregon, acknowledge myself indebted to Jacob Denn, of the same place, county, and state, the sum of six hundred dollars, with interest at the rate of seven per cent. since November the 8th, one thousand eight hundred and ninety-four, which is purchase price of forty acres of land, viz., the southwest quarter (S. W. $\frac{1}{4}$) of southwest quarter (S. W. $\frac{1}{4}$) of section twenty-five, township twenty-nine (29) S., R. nine west, Douglas County, Oregon. Of the above-named sum, I promise to pay one hundred dollars, with all interest due, inside of a year from now; and, to secure payment of the hundred dollars, I mortgage to Jacob Denn one thousand bushels of my grain now growing; provided, that I can harvest it and keep it in my granary until I consider prices acceptable to sell it." Evidence, to be admissible, must correspond with the substance of the material allegations in the pleadings, and be relevant to the questions in dispute: Hill's Ann. Laws, § 704. It will be remembered that the complaint describes an agreement

.modifying the terms of the original contract, whereby defendant promised to pay the sum of $200, and interest thereon at the rate of seven per cent. per annum from November 8, 1894, and also to pay annually thereafter the sum of $100, and interest at that rate until the purchase price was fully paid; and the judgment demanded is the sum of $200, and interest at said rate from November 8, 1894. The memorandum offered in evidence, however, purports to contain defendant's offer to pay $100, and interest on $600 at the rate of seven per cent. from November 8, 1894, but makes no provision for future payment. The rule is well settled that, if the allegations of matters of substance be substantially proved, the evidence is sufficient, but that allegations of matters of essential description must generally be proved with a degree of strictness : 1 Greenleaf, Ev. § 56. Mr. Justice Miller, in *United States* v. *Le Baron*, 71 U. S. (4 Wall.) 642, 18 L. Ed. 309, commenting upon the sufficiency of evidence, says: ''The rule that allegations of time, quantity, value, etc., need not be proved with precision, but that a very large departure from the time, quantity, etc., alleged is allowable, is so well understood, and is so much a matter of every-day practice, that no citation of authority to sustain it is necessary.  *  *  *  But it is also a rule of evidence that, when words used in a declaration are descriptive of the instrument declared on, it must, when offered in evidence, conform strictly to that description.''

In *State* v. *Thompson*, 28 Or. 296 (42 Pac. 1002), a variance of two days between a note offered in evidence and the one described in an indictment was held to be immaterial, Mr. Chief Justice Bean saying : ''The indictment does not undertake to set out the note according to its tenor, but only in substance and legal effect; and the difference of two days in the date alone could not have misled the defendant in making his defense, and will not

expose him to the danger of again being put in jeopardy
for the same offense." To the same effect, see, also,
*Stokes* v. *Brown*, 20 Or. 530 (26 Pac. 561). In the case at
bar the complaint does not purport to set out more than
the substance of the alleged agreement modifying the
terms of the original contract ; and, this being so, if the
evidence substantially proved the averment it is suffi-
cient : *Dennis* v. *Snell*, 34 How. Prac. 467 ; *Hendricks* v.
*Decker*, 35 Barb. 298. The substance of the issue is plain-
tiff's agreement to sell the land, predicated upon defend-
ant's promise to pay the consideration thereof. The time
and mode of such payment not having been made matters
of essential description, a failure to prove these facts as
alleged amounts to no more than a variance ; and such
variance, to be material, must have misled the defendant
to his prejudice : *Hill* v. *Mellon*, 3 Or. 542 ; *Dodd* v.
*Denny*, 6 Or. 156 ; *Dunn* v. *Durant*, 9 Daly, 389 ; *John-
ston Harv. Co.* v. *Clark*, 30 Minn. 308 (15 N. W. 252).

Our statute declares that "no variance between the al-
legation in a pleading and the proof shall be deemed ma-
terial, unless it have actually misled the adverse party to
his prejudice in maintaining his action or defense upon
the merits. Whenever it shall be alleged that a party has
been so misled, that fact shall be proved to the satisfac-
tion of the court, and in what respect he has been misled ;
and thereupon the court may order the pleading to be
amended upon such terms as shall be just :" Hill's Ann.
Laws, § 96. An examination of this section shows that
if an adverse party has been misled by the introduction
of evidence which did not correspond with the allegations
in the pleadings, and seeks to escape the effect thereof,
he must allege that he has been misled to his prejudice in
maintaining his action or defense upon the merits. When
the memorandum was offered in evidence, defendant's
counsel objected to its introduction on the ground that it

was irrelevant, incompetent, immaterial, and not signed by the parties. The evidence of the materiality of a variance is usually made by proof *aliunde*, but in some instances the materiality may be apparent from an inspection of the pleadings, thereby obviating the necessity of offering such proof : *Catlin* v. *Gunter*, 11 N. Y. 368 (62 Am. Dec. 113) ; *Sharp* v. *Mayor, etc.* 40 Barb. 256 ; *Lyon* v. *Blossom*, 4 Duer, 318. Before the court can reach such a conclusion upon the fact, however, the adverse party must call its attention thereto by alleging that he has been misled to his prejudice in maintaining his action or defense upon the merits, by the production of the evidence which is sought to be introduced : *City of Chicago* v. *Seben*, 62 Ill. App. 248. In the case at bar the defendant did not claim at the trial that he had been misled in any manner, and, not having done so, he must have considered the variance immaterial, in which case the court was authorized to find the fact according to the evidence, which was tantamount to an amendment of the complaint (*Coleman* v. *Playsted,* 36 Barb. 26), or it might have ordered an immediate amendment, without costs (Hill's Ann. Laws, § 97 ; *Brown* v. *Moore*, 3 Or. 435 ; *Banks* v. *Crow*, 3 Or. 477). That the variance was in fact immaterial, see 28 Am. & Eng. Enc. Law (1 ed.), 55, and notes ; Boone, Code Pl. § 218. The action having been instituted to recover a part of the purchase price, the averment relative to the payment of the remainder of the consideration was irrelevant, and properly disregarded as surplusage : *Campbell* v. *Taylor*, 3 Utah, 325 (3 Pac. 445); *Drake* v. *First Bank*, 33 Kan. 634 (7 Pac. 219); *Ashe* v. *Gray*, 90 N. C. 137.

2. It is contended that the said memorandum, not having been subscribed by the defendant, was within the statute of frauds, and that the court erred in admitting it in evidence on that account. The statute provides that

"in the following cases the agreement is void, unless the same or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party to be charged, or by his lawfully authorized agent ; evidence therefore of the agreement shall not be received other than the writing, or secondary evidence of its contents, in the cases prescribed by law :  (1) An agreement that, by its terms, is not to be performed within a year from the making thereof :"  Hill's Ann. Laws, § 785.  It is argued that this statute was taken from the Code of New York, and having been construed, prior to its adoption, by the supreme court of that state, which held that the word "subscribed" required that the name of the person to be charged must be written after or at the bottom of the memorandum (*James* v. *Patten*, 6 N. Y. 9, 55 Am. Dec. 376), such construction is binding upon the courts of this state.  Whatever the rule may be in this respect, it can have no application to the case at bar ; for an inspection of the memorandum shows that the payment relied upon was to be made within the year, and hence not within the statute.  No error having been committed in admitting the memorandum, it follows that the judgment is affirmed.                              AFFIRMED.