### PARISH OF ST. JAMES OF AMESBURY *vs.* NEWBURYPORT AND AMESBURY HORSE RAILROAD COMPANY.

Essex.    Nov. 5, 1885. — May 6, 1886.    FIELD & DEVENS, JJ., absent.

The directors of a corporation authorized certain promissory notes of the corpora-tion to be issued. The treasurer issued them under the seal of the corporation. In an action in which the plaintiff declared on them as sealed instruments, the issue was whether the use of the seal had been ratified. On this point there was evidence that the notes were issued in 1875; that in 1877 and 1878 two of the directors, acting as a committee of the directors, examined them to see if they were genuine; that they pronounced them to be genuine, and from 1878 to 1883 one of them, as treasurer, paid the interest upon them semiannually, and this fact appeared in his annual reports to the corporation, which were accepted by the stockholders; and that this evidence was uncontradicted. *Held*, that there was sufficient evidence of ratification to go to the jury; and that a substantive act done by the directors with intent to ratify the act of the treasurer was unnecessary.

C. ALLEN, J. The plaintiff's declaration contains three counts, in each of which it is alleged that the defendant made and issued a certain obligation under seal for the payment of money, payable to the order of E. G. Kelley and William C. Binney, who indorsed the same to the plaintiff. The copies an-nexed to the declaration showed that each of the obligations was in the form of a promissory note for $1000, in the name of the defendant, and signed by " Wm. C. Binney, Treas." with a seal

added. The answer contained a general denial of the allegations, and several special matters were set up in defence in an amended answer, not necessary now to be adverted to.

It appeared at the trial that these obligations were given under the same authority, and as a part of the same settlement, as the notes which were the subject of the action of *Kelley* v. *Newburyport & Amesbury Horse Railroad, ante,* 496 ; but in the present case it appeared that the instruments sued on, when they came into the plaintiff's possession, had the seal of the defendant corporation affixed to them. There was no evidence when or by whom it was so affixed. It appears, however, to have been assumed that this was done by the treasurer, as the bill of exceptions states that, at the request of the defendant, the court ruled that the action of the treasurer in affixing the seal of the corporation was unauthorized, and that the plaintiff could not recover, unless the directors had ratified the acts. of the treasurer in issuing the sealed instruments. This request and ruling seem to have been based on the pleadings as they then stood, the plaintiff having declared only on sealed instruments, and there being no averments in the declaration adapted to the case of promissory notes issued by the defendant to which there had been an unauthorized affixing of seals. The only ratification involved in this request and ruling was a ratification by the directors of the use of seals. All the other objections taken by the defendant in this case are covered by the decision in the preceding case.

Upon this question of ratification of the use of the seals, there was evidence tending to show that, in 1877 and 1878, Morss and Pierce, two of the defendant's directors, examined these obligations to see if they were genuine. The auditor to whom the case was referred reported that Morss, after a careful examination, pronounced them genuine, and a part of the notes issued in pursuance of the vote of the directors of May 8, 1875 ; and that thereafter, to wit, from 1878 until May 20, 1883, he, as treasurer of the defendant corporation, paid the interest upon them, as it fell due, semiannually, and that this appeared in his annual reports to the company. It further appeared that Morss was treasurer at the time of the examination, and that Morss and Pierce were then acting as a committee of the directors to ascertain whether or not the signatures affixed to said instruments

were genuine ; that they pronounced said signatures to be gen-
uine ; and that Morss and Pierce continued to be directors until
1883. It also appeared that, in the reports of the treasurer to
the stockholders from 1876 to 1882, all of which were accepted
by the stockholders, the obligations of the company were some-
times spoken of as notes and sometimes as bonds. To meet this ·
evidence of the plaintiff, there was nothing on the part of the
directors of the defendant by way of explanation or denial.

Under this state of the case, the judge properly refused to
comply with the defendant's request, to rule that there was no
evidence in the case upon which the jury could find that there
had been a ratification by the directors, and that the ratification,
if any, must be by a substantive act done by the directors with
intent to ratify the acts of the treasurer ; and the finding of the
jury that there had been such ratification was well warranted by
the evidence. It being merely a matter of excess or misuse of au-
thority in adding seals to notes, when the authority was express
to the extent of giving notes, slight evidence of the ratification
of such excess in respect to the seals was sufficient. *Harrod* v.
*McDaniels*, 126 Mass. 413.                    *Exceptions overruled.*

*H. N. Shepard*, for the defendant.
*M. M. Weston*, for the plaintiff.