[Argued January 18; decided February 26, 1894.]

## CALVERT *v.* IDAHO STAGE CO.

[S. C. 36 Pac. Rep. 24.]

1. POWER OF AGENTS TO BIND CORPORATIONS—IMPLIED AUTHORITY OF AGENTS.—The old rule that a corporation could only appoint an agent under its corporate seal is now obsolete, and it is settled that, in the absence of some restriction, a corporation may by parol confer upon an agent authority to perform any act which the corporation may lawfully do; and in some cases this authority will be implied.

2. CORPORATION—PARTNERSHIP—CO-OWNERSHIP.—A corporation may become a co-owner with an individual in a business or enterprise within the scope of its corporate powers, although it cannot as a general rule enter into partnership with an individual. *Hackett* v. *Multnomah Ry. Co.* 12 Or. 124, cited and approved.

APPEAL from Douglas: J. C. FULLERTON, Judge.

This is an action by James Calvert against the Idaho Stage Company, a corporation organized under the laws of Utah. The complaint contains three causes of action,—first, for money paid at the request and for the use and benefit of the defendant; second, for a balance alleged to have been found due the plaintiff on an account stated for moneys advanced and disbursed by him as agent of the defendant in managing its mail routes in Oregon and Washington; and, third, for services rendered to the defendant as such agent from the first day of April, eighteen hundred and ninety, to the thirty-first day of July, eighteen hundred and ninety-two, at the agreed and reasonable worth and value of seventy-five dollars per month. The answer denies all the allegations of the complaint, except the incorporation of the company, and,

for an affirmative offense, alleges:    That during all the times mentioned in the complaint plaintiff and defendant were partners in certain mail contracts in Oregon and Washington, under the firm name of Idaho Stage Company, which partnership will not expire until June thirty, eighteen hundred and ninety-four; that any moneys paid out, or settlement had for moneys advanced and disbursed, or services rendered, as mentioned in the complaint were for and on account of the said partnership, and not for or on account of defendant.    The reply put in issue the allegations of the answer, and the trial resulting in a judgment for plaintiff, the defendant appeals, assigning error in the exclusion of testimony and instructions to the jury.                                REVERSED.

*Messrs. Wm. R. Willis* and *Julius C. Moreland,* for Appellant.

*Messrs. J. W. Hamilton* and *E. B. Preble,* for Respondent.

Opinion by MR. JUSTICE BEAN.

To maintain the issues on its part, the defendant, after showing that the business for which it was organized, and in which it was and is engaged, is contracting for and carrying United States mails, express, and passengers, and subletting mail contracts, produced and submitted evidence tending to show that in December, eighteen hundred and eighty-nine, the plaintiff and Mr. Salisbury, the president and general manager of defendant, entered into a contract by which it was agreed that the defendant should bid on certain mail routes in Washington and Oregon, soon to be let by the government, and that plaintiff and defendant should have an equal interest in such contracts as might be secured; that plaintiff should

advance the necessary money with which to stock such routes; that they should own and operate them jointly, each to pay one half of the expense of stocking the routes and running the business, and to receive one half the profits, and that plaintiff should have charge of and superintend the subletting of all contracts and routes thus obtained; that in pursuance of this agreement, defendant did bid on and obtain certain routes, and advance money for the purpose of stocking them; that the same have been owned and operated by the plaintiff and defendant under the agreement referred to, and that the money paid out and services rendered by the plaintiff for which this action is brought were furnished and performed on account of such agreement and not for the defendant. To further support this issue defendant offered in evidence that portion of the deposition of C. L. Haines, its treasurer, wherein he testified to the agreement between Mr. Salisbury and the plaintiff, but, on objection thereto, it was excluded because no formal resolution of the board of directors was shown authorizing Salisbury to make such a contract on behalf of the company. To the exclusion of this testimony an exception was reserved by the defendant, and the question thus presented was raised in different forms throughout the trial, and is the principal question on this appeal.

1. It was formerly the rule that a corporation could only appoint an agent under its corporate seal, but this doctrine has been universally abandoned, and it is now held that in the absence of a formal provision in its charter, or the law of the state under which it exists, a corporation may confer authority upon an agent to perform any duty within the scope of its corporate powers, by parol, and that such authority may be implied as in other cases: Mechem on Agency, § 97; *Martin* v. *Webb*, 110 U. S. 7. The evidence in this case shows, and it is

not disputed, that Mr. Salisbury was acting as the president and general manager of the defendant corporation during the transaction out of which this controversy arose, by consent and acquiescence of the company, and that it ratified his contract with the plaintiff, whether it was one of employment simply, as claimed by him, or such a contract as defendant attempted to prove. The entire business of the corporation in relation to the mail routes in Oregon and Washington was conducted by Mr. Salisbury as its agent, and plaintiff claims to have been employed by and to have made all his reports and received orders and directions from him, and it seems to us, therefore, that his authority to make the contract in question was amply shown, if the corporation could legally enter into such a contract.

2.   But it is said that the evidence offered tended to show a partnership agreement between the plaintiff and defendant, and it is contended that a corporation cannot legally enter into such a partnership. As a general rule this is true, but it may become a coöwner with an individual in a business or enterprise within the scope of its corporate powers: *Hackett* v. *Multnomah Ry. Co.* 12 Or. 124, 53 Am. Rep. 327. The evidence in this case offered and excluded tended to show all the essential requisites of a partnership, but because of a want of capacity in a corporation to form such a relation it perhaps would only amount to a coöwnership or joint proprietorship between the corporation and the plaintiff. But for the purposes of this case the result would be the same. Plaintiff sues for money paid out and services rendered as the agent and employé of the defendant corporation, and, unless he maintain these allegations, he cannot recover. If he was a coöwner in the business he was manifestly not employed by defendant in its corporate capacity as its agent or servant, and cannot recover against it for the

value of his services rendered in the furtherance of a joint undertaking. In fact, the court below seems to have been of this opinion, for it instructed the jury in substance that if the contract was made, as claimed by the defendant, plaintiff cannot recover. But this instruction could not cure the error in excluding material and competent testimony, offered by the defendant, tending to sustain its contention. The question in this case, as made by the pleadings and evidence, was, whether plaintiff was employed by and rendered services to the defendant corporation as its agent or servant, or was acting for himself in conducting and managing the mail routes referred to in the pleadings, and it is immaterial whether the agreement amounted to a technical partnership, or simply a coöwnership. It was claimed at the argument that the error in excluding the testimony of Haines is not available on this appeal, because the record does not show an offer to prove made by the defendant at the time the objection to the question propounded to Mr. Haines was sustained. But we do not so read the record. From the bill of exceptions it appears that defendant's counsel offered to read the deposition of Haines at the opening of its case, but was prevented from so doing by the adverse ruling of the court, and, at a subsequent stage of the trial, again offered the deposition, question by question, to which objection was made and sustained, and the answers thereto as copied from the deposition being incorporated in the bill of exceptions, it clearly appears by the record what the testimony was intended to show. We conclude, therefore, that in excluding the testimony of Mr. Haines the court erred, and for this reason the judgment must be reversed. And as the other questions suggested at the argument depend in a large measure upon this, and will probably be avoided on another trial, their further consideration is deemed unnecessary at this time.                              REVERSED.