[Argued July 19; decided July 30, 1894.]

## FINNEGAN v. PACIFIC VINEGAR COMPANY.

[S. C. 37 Pac. Rep. 457.]

CORPORATIONS — RATIFICATION — AGENTS.— The rule that a principal, who, after knowledge of the facts, neglects to promptly disavow the unauthorized act of an agent, adopts the act as his own, applies to corporations as well as to individuals, and where part of the directors of a corporation, without authority, entered into a contract for the corporation, and the balance of the board allowed it to continue in force, without objection, after the matter was called to their attention, the corporation will be considered to have ratified the contract, and no formal vote or resolution is necessary for that purpose: *Calvert* v. *Idaho Stage Company*, 25 Or. 412, cited and approved.

APPEAL from Multnomah: HARTWELL HURLEY, Judge.

This is an action by Thomas S. Finnegan against the Pacific Vinegar Company to recover damages for the breach of an alleged contract of employment. The complaint sets forth, in substance, that on November first, eighteen hundred and ninety-two, the plaintiff was employed by the defendant corporation to act as its salesman and solicitor until October fourteenth, eighteen hundred and ninety-three, under an agreement by which he was to receive for his services one hundred dollars a month in cash during the time stipulated, and seven hundred dollars in the capital stock of the defendant; that the services were rendered according to the contract until June seventh, eighteen hundred and ninety-three, when he was

discharged without cause; that defendant has failed to pay him for such services since May first, eighteen hundred and ninety-three, and has refused to deliver the promised stock, although demanded, to his damage in the sum of nine hundred and sixty dollars. The answer denies the contract as alleged, but admits that plaintiff worked for defendant as its salesman and solicitor from about November first, eighteen hundred and ninety-three, and that he was paid at the rate of one hundred dollars per month while so employed, and alleges that such employment was during the pleasure of the defendant, and subject to be terminated by it at any time. The jury returned a verdict in favor of plaintiff, thus finding the contract, as alleged by him, and, judgment being rendered accordingly, defendant appeals.          Affirmed.

*Mr. Frederick R. Strong* (*Mr. Rufus Mallory* on the brief), for Appellant.

*Mr. Arthur L. Frazer* (*Mr. W. Maurice Kelly* on the brief), for Respondent.

Opinion by Mr. Chief Justice Bean.

It appeared upon the trial that at the time the contract was made the officers of the defendant corporation were Gideon Stolz, president; John Seal, vice-president and general manager; and Frank Sealy, secretary; and that these three persons composed the board of directors. The contract was entered into on behalf of the corporation by John Sealy, its vice-president and manager, and Frank Sealy, its secretary, but without formal authority from the board of directors, or knowledge of the president. In pursuance of the contract plaintiff worked for the defendant until June, eighteen hundred and ninety-three, without objection from any one, although the president, Mr. Stolz,

as the evidence tended to show, knew of the terms of the contract at least as early as the preceding February. An objection was made to the admission of this testimony, which was overruled, and it is now contended that it was incompetent because the contract was not authorized by the board of directors, or any authority shown in the vice-president to bind the company thereby. It is not necessary to decide whether the vice-president, as general manager, had authority to bind the company by the contract, as claimed by plaintiff. If he had no such authority the company is liable, if the contract was acquiesced in and ratified by its directors. It is well settled that a principal, who, after knowledge of the facts, neglects to promptly disavow the act of an agent who has exceeded his authority, makes such act his own, and such acquiescence is equivalent to a previous authority. This rule is as applicable to a corporation as an individual: Mechem on Agency, §§ 158, 167, 178. It was formerly the rule that a corporation could appoint an agent only by a formal resolution of its board of directors, and under its corporate seal; but this doctrine has long since been abandoned, and the authority of an agent to make the contract may now be shown as in the case of individuals. It may be by showing an express appointment, or implied from the adoption or recognition of his acts by the corporation, (*Calvert* v. *Idaho Stage Company*, 25 Or. 412, 36 Pac. 24,) and such ratification need not be by a formal vote or resolution of the board of directors: *Campbell* v. *Pope*, 96 Mo. 468, 10 S. W. 187. "If this were not so," as said by Mr. Justice REDFIELD, "it would lead to very great injustice, for it is notorious that the transaction of the ordinary business of railways, banks, and similar corporations in this country, is without any formal meetings or votes of the board. Hence there follows a necessity of giving effect to the acts of such corporations according to

the mode in which they choose to allow them to be transacted": *Bank of Middlebury* v. *Rutland, etc., Railroad Company*, 30 Vt. 159.

Now, in this case, the defendant having suffered the plaintiff to work for it under a contract made with its vice-president, for the period of eight months, without protest or objection, and without in any way signifying its dissent, the jury was justified in finding that it had ratified the act of its agent, and therefore could not be heard to impeach the validity of the contract on the pretense that it was made without authority. If it desired to disavow the contract, it was its duty to have been active in doing so as soon as the fact came to its knowledge. Two of the directors had notice of, and knew the terms of, the contract at the time it was made, and the other, as the jury could properly have found, more than four months before any attempt was made to disavow it; and having remained silent during this time, their assent and ratification will be presumed: *Kelsey* v. *National Bank*, 69 Pa. St. 426; *St. James Parish* v. *Newburyport Horse Railroad*, 141 Mass. 500, 6 N. E. 749; *Jourdan* v. *Long Island Railroad Company*, 115 N. Y. 380, 22 N E. 153. We are of the opinion, therefore, that the evidence was competent, and the judgment must be affirmed.

AFFIRMED.