SENTENCE OF SUSPENSION.

Argued February 23; decided March 14, 1898.

## COLUMBIA NAV. CO. *v.* VANCOUVER TRANS. CO.

[52 Pac. 513.]

CORPORATIONS — PAROL EVIDENCE TO SHOW AGENCY.— The authority of the president and general manager of a corporation to enter into a charter contract for a boat owned by the corporation may be shown by parol evidence, and it is not essential to such authority that it be evidenced by a resolution of the board of directors: *Calvert* v. *Idaho Stage Company*, 25 Or. 412, and *Finnegan* v. *Pacific Vinegar Company*, 26 Or. 152, cited; *Re St. Helen Mill Company*, 3 Sawy. 88, distinguished.

CORPORATIONS — EVIDENCE OF RATIFICATION.— It is error to exclude evidence as to the ratification by a corporation of the unauthorized act of its president in chartering a boat owned by it, upon the assumption that the boat had been seized in the interval between such act and the ratification, under an attachment in favor of the objecting party, where such attachment was denied in the pleadings, and no proof thereof had been introduced at the time of the objection.

From Multnomah: HENRY E. McGINN, Judge.

Action by the Columbia River & Puget Sound Navigation Company against the Vancouver Transportation Company. From a judgment of nonsuit, plaintiff appeals.

REVERSED.

For appellant there was a brief over the names of *Thos. N. Strong* and *R. & E. B. Williams*, with an oral argument by *Mr. Strong*.

For respondent there was a brief over the names of *Dolph, Nixon & Dolph, William W. Cotton,* and *Dolph, Mallory & Simon,* with an oral argument by *Mr. Joseph Simon.*

MR. JUSTICE BEAN delivered the opinion.

This is an action to recover damages for the alleged wrongful seizure and detention by the defendant of the steamer Ocean Wave.   The complaint alleges that on June 25, 1895, the plaintiff chartered of the Ilwaco Railway & Navigation Company, hereinafter referred to as the "Ilwaco Company," the steamboat in question for use in carrying passengers and freight between the City of Portland and Ilwaco, and while in possession under such charter the defendant, a rival corporation, for the purpose of preventing plaintiff from so using such boat, wrongfully, willfully and maliciously took possession of her, and retained such possession until the sixteenth of July, 1895, to plaintiff's damage, in the sum of $6,250.   The answer, after denying the allegations of the complaint, as an affirmative defense alleges that on July 1, 1895, the defendant commenced an action against the Ilwaco Company to recover the sum of $17,000, and caused a writ of attachment to issue therein, in obedience to which the sheriff of Multnomah County attached the steamboat referred to, and held her under said writ until the fifteenth of July, 1895, when, the Ilwaco Company having paid into court the amount of defendant's claim, the attachment was discharged, and the boat released, and that this is the seizure and detention referred to in the complaint.   The reply put in issue

the allegations of the answer, and at the trial the court, on its own motion, ordered a nonsuit, and plaintiff appeals.

There are numerous assignments of error in the record, but it is unnecessary to notice them in detail, as they all grow out of (1) the refusal of the court to admit in evidence the written lease or charter from the Ilwaco Company to the plaintiff of the steamboat in question, on the ground that it was not authorized by the board of directors of the Ilwaco Company at a regular or stated meeting thereof; and (2) the ruling that the formal ratification by the board of directors of such company on July 3, 1895, of the action of its president in making the lease or charter, was incompetent, because, as the court assumed, the rights of third parties had in the meantime intervened. The record discloses that plaintiff offered to show that Loomis, who executed the charter in question on behalf of the Ilwaco Company, was and had been, ever since the organization of the company, its president and general manager, with full power and authority to lease, manage and otherwise control the steamboats of the company, and that such charter was executed with the consent of all the directors except Mr. Kamm; but the court ruled that all such evidence was incompetent, and refused to allow the charter in evidence, holding that authority to make it could be shown only by a resolution of the directors, or a majority of them, acting as a board, at some stated or regularly called meeting, and that the only evidence of such meeting and action is the record of the board. But in this we think the court was in error.

It was formerly the rule that a corporation could appoint an agent only under seal, and his authority could not be shown by parol; but this doctrine has long since been abandoned, and it is now held that, in the absence of a charter or statutory restriction, the appointment of an agent of a corporation, and his authority to bind it in a particular transaction, may be shown by parol, the same as in the case of a private individual.   Mr. Thompson says that such proof "need not be made in the form of a resolution of the board of directors, duly entered upon the records of the corporation, conferring the authority upon the president, but that the act of the directors may be shown by an oral vote, and may be otherwise proved by parol, and often equally well by circumstantial evidence":   4 Thompson on Corporations, § 4624. And this is the doctrine of the authorities: *Calvert* v. *Idaho Stage Company*, 25 Or. 412 (36 Pac. 24); *Finnegan* v. *Pacific Vinegar Company*, 26 Or. 152 (37 Pac. 457); 1 Morawetz on Private Corporations, § 504; 1 Beach on Private Corporations, § 181; Mechem on Agency, 97; Taylor's Law on Private Corporations, § 259; *Leroy, etc., Railroad Company* v. *Sidell*, 13 C. C. A. 308 (66 Fed. 27); *Prentice* v. *United States Steamship Company*, 58 Fed. 702; *Oakes* v. *Cattaraugas Water Company*, 143 N. Y. 430 (26 L. R. A. 544, 38 N. E. 461); *Bank of Middlebury* v. *Rutland Railroad Company*, 30 Vt. 159; *Pennsylvania Railroad Company* v. *Keokuk Bridge Company*, 131 U. S. 371 (9 Sup. Ct. 770).   Within this rule it was clearly competent for the plaintiff to show by parol the authority of Loomis, president and general manager of the Ilwaco Com-

pany, to enter into a charter contract with it, and the court erred in excluding evidence offered for that purpose. The case of *In re St. Helen Mill Company*, 3 Sawy. 88 (Fed. Cas. No. 12,222), and similar authorities, relied upon by the defendant, relate to the validity of real estate mortgages purporting to have been executed by a corporation, and can have no application to leasing or chartering for a time a steamboat, which is a mere chattel, the title to which may even pass by sale and delivery without writing: *The Amelie,* 73 U. S. (6 Wall.) 18.

The plaintiff also offered to prove, as a part of its case, that at a meeting of the directors of the Ilwaco Company held on July 3, 1895, a resolution was adopted approving and confirming the act of its president in chartering the boat to it, but the evidence was excluded by the court on the ground that the boat had in the meantime been seized on an attachment in favor of the defendant, and that such ratification could not affect the rights thereby acquired. But this ruling assumed, without proof, that a valid attachment had in fact been made when that was one of the issues in the case. The allegation of the answer that the boat had been seized under a writ of attachment issued in the action brought by the defendant company against the Ilwaco Company was denied in the reply, and no evidence whatever had been offered on the question at the time the ruling complained of was made, and the court could not assume that it had been proven as a basis for excluding evidence offered in chief by the plaintiff. Evidence of ratification was clearly competent as part of plaintiff's case, and, if the defendant

should subsequently be able to prove a valid precedent attachment, the question would then arise as to the effect of such ratification. But it was certainly error for the court to anticipate the question, and thus deny the plaintiff the opportunity to contest the validity of the attachment when offered by the defendant corporation as part of its case.

It is claimed that the plaintiff voluntarily abandoned its case in the court below, and therefore the order directing a nonsuit is not appealable. But this contention is without merit. There is not the slightest indication in the record of an intent by plaintiff to voluntarily abandon the case, but, on the contrary, the record discloses that every effort possible was made to prove it as alleged, and that it only desisted after repeated rulings by the court that such evidence was incompetent and inadmissible. The nonsuit was ordered by the court on its own motion, against the objection of plaintiff, because it was of the opinion that the evidence tendered failed to prove a cause sufficient to be submitted to the jury. It follows from these views that the judgment of the court below must be reversed, and a new trial awarded, and it is so ordered.

REVERSED.