Argued Juanuary 31, decided February 6, 1912.

## WEHRUNG *v.* PORTLAND COUNTRY CLUB.

[120 Pac. 747.]

CORPORATIONS—CONTRACTS—RATIFICATION.

1. Plaintiff, with the knowledge of the officers of defendant corporation, and without notice that the contract was not recognized by it as valid, having rendered services in accordance with a contract, executed by one assuming to act in behalf of the corporation, it will be held to have ratified the contract, and so to be liable for the services.

CORPORATIONS—CONTRACTS—RATIFICATION.

2. Ratification by a corporation of a contract, made by one assuming to act in its behalf, need not be by formal vote or resolution of its board of directors.

CORPORATIONS—AUTHORITY OF OFFICERS—PRESUMPTION.

3. A contract being executed by the proper officers of a corporation, with the corporate seal affixed, their authority to execute it is presumed; and it is *prima facie* evidence of such authority.

CORPORATIONS—CONTRACTS—RATIFICATION.

4. A contract on behalf of a corporation, even if not conforming in all respects to the resolution of its directors, authorizing it, may be shown to have been ratified by it in toto.

APPEAL AND ERROR—REVIEW—HARMLESS ERROR—VARIANCE.

5. Under Section 97, L. O. L., providing that no variance between the allegations of a pleading and the proof shall be deemed material, unless it have actually misled the adverse party to his prejudice in maintaining his action or defense on the merits, and that, whenever it shall be alleged that a party has been so misled, that fact shall be proved to the satisfaction of the court, and in what respect he has been misled, there having been no allegation or proof at the trial that defendant was misled, the variance between the complaint and proof is to be considered immaterial.

CONTRACTS—CONSTRUCTION—COMPENSATION.

6. A contract that one is to be paid for his services a certain amount from the receipts of a fair does not contemplate that he is to be paid only from net proceeds.

From Multnomah:    JOHN B. CLELAND, Judge.

Statement by MR. JUSTICE BEAN.

This is an action by W. H. Wehrung against the Portland Country Club and Live Stock Association, a corporation, to recover for services performed by plaintiff for defendant. The cause was tried before a jury, and a verdict rendered in favor of plaintiff. From a judgment entered thereon, defendant appeals.

The action is based upon a written contract, executed October, 1908, by plaintiff and the defendant corporation, acting through its vice president, H. C. Campbell, and its secretary, G. H. Westgate, to which the seal of the corporation was attached. By the terms of the agreement, the plaintiff, who had been elected general manager of the defendant association, was to have complete management and control of all the arrangements for a fair, to be held in the fall of 1909, and authority to employ assistants. The money required for financing the business was to be raised, and stock sold, under the direction of an executive committee. Tickets for the fair were to be sold by a committee, and the money thus realized devoted to the payment of premiums and nec-

essary expenses. The board of directors and the executive committee were to exercise their best efforts in conjunction with the manager, and co-operate as might be necessary to make the fair a success. In consideration of the services of plaintiff, defendant agreed to pay him his traveling expenses, and also the sum of $3,000 at the opening of the fair. The contract was set out in *haec verba* in the complaint. The fair was held from the 20th to the 25th of September, 1909. Plaintiff avers that the services were rendered by him in accordance with the terms of the agreement. The answer is a general denial of the allegations of the complaint. Upon the trial, for the purpose of showing the authority of the officers of the association to execute a contract, plaintiff called G. H. Westgate, secretary of the association, and the signatures to the agreement were identified. The minutes of the meeting of the directors of the association, held October 22, 1908, were produced, in which the following appears:

"Mr. W. H. Wehrung stated that he was willing to undertake the management of the affiairs of this association, provided that the present obligations were settled; that the work should be absolutely under his directions, with his hands free as to management, and that he be paid on a basis of $3,000 a year from the receipts of the meeting of 1909, and that, in the event of his being called to any part of State on business of the association, his actual expenses shall be paid by the association. Mr. Wehrung's proposition met with the approval of the directors, and a committee, consisting of Mr. Simon, Mr. Thompson, and Mr. Reed, was appointed with power to act, and instructed to make a contract with Mr. Wehrung on the basis indicated."

Defendant's counsel objected to the introduction of the record of the resolution, for the reason that it tended to prove a state of facts at material variance with the allegations of the complaint. The contract was also offered in evidence and objected to by counsel for

defendant, for the reason that no authority for the execution thereof had been given by the board of directors of the corporation. The trial court overruled both of these objections, to which rulings exception were duly saved. Defendant now assigns the same as errors. At the conclusion of the plaintiff's testimony, defendant's counsel moved for a nonsuit, based upon the same grounds as the objections to the evidence, and at the close of the trial requested the court to instruct the jury to return a verdict for defendant for the same reasons.

AFFIRMED.

For appellant there was a brief over the names of *Messrs. Joseph & Haney,* with an oral argument by *Mr. George W. Joseph.*

For respondent there was a brief over the names of *Messrs. Manning & White,* with an oral argument by *Mr. Sam White.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. It appears from the evidence that after the contract sued upon was signed the plaintiff entered upon his duties as general manager of the association, acting in conjunction with the other officers of defendant, until the close of the fair. The validity of the contract does not appear to have been questioned by any of the officers until that time. The gist of the objections of defendant to the contract introduced in evidence is that the corporation did not authorize the execution of the contract by its officers. In an action upon a contract, executed by one assuming to act in behalf of the corporation, where plaintiff has rendered services in accordance with the agreement, and with the knowledge of the officers of the corporation, without notice that the contract is not recognized by it as valid, such corporation will be held to have ratified the contract, and will

be liable for the services rendered according to the agreement. *Odd Fellows Association* v. *Hegele,* 24 Or. 16 (32 Pac. 679) ; *Re Assignment of Pendleton Hardware Company,* 24 Or. 330 (33 Pac. 544) ; *Branson* v. *Oregonian Ry. Co.,* 10 Or. 278; *McMahan* v. *Canadian Ry. Co.,* 40 Or. 148 (66 Pac. 708).

2. The ratification by the corporation need not be by formal vote or resolution of the board of directors. *Finnegan* v. *Pacific Vinegar Co.,* 26 Or. 152, 154 (37 Pac. 457. In this case, Mr. Chief Justice BEAN quotes from the case of *Campbell* v. *Pope,* 96 Mo. 468( 10 S. W. 187), as follows: "If this were not so, it would lead to very great injustice; for it is notorious that the transaction of the ordinary business of railways, banks and similar corporations in this country is without any formal meetings or votes of the board. Hence there follows a necessity of giving effect to the acts of such corporations according to the mode in which they choose to allow them to be transacted." See, also, *Calvert* v. *Idaho Stage  Co.,* 25 Or. 412 (36 Pac. 24) ; *Columbia Nav. Co.,* v. *Vancouver Trans. Co.,* 32 Or. 532 (52 Pac. 513) ; *Schreyer* v. *Turner Fl. Co.,* 29 Or. 1, 8 (43 Pac. 719, 721). In the latter case, Mr. Justice WOLVERTON, speaking for the court, uses the following language: "But it is not necessary that such adoption, ratification, or acceptance be expressed, as it may be inferred from acts or acquiescence on the part of the corporation or by its authorized agents in its behalf, as similar original contracts may be established (citing a number of cases). We adopt this exposition of the rule, as we believe it to be sustained by the weight of authority, as well as founded upon the better reason. It will have to be conceded that the agreement must be one which the corporation itself could enter into, and one which the usual agents of the company have expressed or implied authority to make. But where, with full

knowledge of all the facts, the corporation assumes the contract, and agrees to pay the consideration, or accepts and retains the benefits, it will be bound thereby."

3. Where a contract is executed by the proper officers of the corporation, with the corporate seal affixed, the authority of the officers to execute such instrument is presumed (10 Cyc. 1000, subd. a2), and such instrument becomes *prima facie* evidence that such officers had due authority from the corporation to execute the contract, so as to cast the burden of proof upon the party challenging its validity. 10 Cyc. 1018 (II).

4. In this case, however, it was shown by the records of the corporation introduced in evidence that the directors of the association authorized the making of a contract with plaintiff, and that a committee for that purpose was appointed, with power to act. This power appears to be general; while the instruction in regard to the making of the contract with Mr. Wehrung was to the effect that it should be made upon the basis indicated, or upon the proposition made by plaintiff to the directors of the corporation. The resolution does not purport to give all the details of the contemplated contract. And if the agreement, as executed, did not conform in all respects to the resolution authorizing the same, from the evidence in the case, the jury could find that the contract had been ratified by the corporation *in toto*. This question was plainly submitted to the jury by the trial court.

5. It is claimed, however, on the part of defendant that the contract and resolution introduced in evidence was at ·variance with the allegations of the complaint. If we consider the evidence as a variance, Section 97, L. O. L., provides that no variance between the allegations of a pleading and the proof shall be deemed material, unless it have actually misled the adverse party to his prejudice in maintaining his action or defense

upon the merits.  Whenever it shall be alleged that a party has been so misled, that fact shall be proved to the satisfaction of the court, and in what respect he has been misled.

6. At the trial of the cause, nothing was alleged or proved tending to establish the fact that the defendant was in any way misled in making its defense; but counsel for defendant, in making their objection, relied solely upon the form of the contract and resolution.  Neither does it appear, so far as we have been able to discover, that there were not sufficient funds realized from the receipts of the fair of 1909 with which to compensate plaintiff.  It is possible that the money may have been used for other purposes; but it will be noticed that the proposition made by plaintiff does not purport to contemplate that he should be paid only from the net proceeds, or that, in case such receipts were insufficient for that purpose, that he should receive no compensation whatever.  It is within the discretion of the trial court to disregard a variance between an allegation and the proof, and nothing short of an abuse of such discretion can be assigned as error upon an appeal.  *Brown* v. *Moore,* 3 Or. 435, 438.  A variance between the allegation of a pleading and the proof is not material, unless the adverse party has been actually misled to his prejudice upon the merits; and the party claiming or alleging that he was so misled must prove to the satisfaction of the court in what respect he was misled.  *Dodd* v. *Denny,* 6 Or. 156, 158; *Hill* v. *Mellon,* 3 Or. 542.  In such case, in the absence of proof showing that the party has been so misled, it is the duty of the trial court to treat the alleged variance as immaterial.  *Moore* v. *Frazer,* 15 Or. 635, 638 (16 Pac. 869).  Where the party has not proved that he has been misled, the court may either direct the fact to be found according to the evidence, or may order an immediate amendment with-

out costs.    Section 98, L. O. L.; *Stokes* v. *Brown,* 20
Or. 530 (26 Pac. 561); *Denn* v. *Peters,* 36 Or. 486, 490
(59 Pac. 1109); *Creecy* v. *Joy,* 40 Or. 28, 31 (66 Pac.
295).    In the case at bar, there is an absence of proof
showing that the defendant, upon the trial of the cause,
was misled to its prejudice in making its defense.
Therefore, on this appeal, there is nothing upon which
to base a finding that the trial court abused its dis-
cretion in this regard.

Finding no errors, the judgment of the lower court
is affirmed.                                  AFFIRMED.