Argued January 16, decided January 27, 1914.

## WATERBURY *v*. UNITED TELEPHONE CO.

(138 Pac. 232.)

**Corporations—Contracts—Promissory Note.**

1. Where a corporation actually received the amount of two notes from the payee and expended it in the enterprise in which the corporation was engaged, it is bound to pay them.

[As to when a corporation is obligated to carry out contracts of its promoters or members, see note in 13 Am. St. Rep. 28.]

**Setoff and Counterclaim—Subject Matter—Mutuality of Demands.**

2. The indebtedness of a son to a corporation on a subscription to its stock is not a counterclaim in its favor against its debt on notes to the father arising out of an independent transaction.

From Marion: WILLIAM GALLOWAY, Judge.

Department 1.    Statement by MR. JUSTICE BURNETT.

The plaintiff, G. W. Waterbury, brings this suit against the United Telephone Company and J. L. Calvert, its receiver, to recover upon two promissory notes, one for $4,500, and the other for $230, which he alleges were executed and delivered to him by the defendant corporation for money which he loaned to it, and to foreclose his lien upon $12,000, par value of the corporation's bonds which he says were pledged to him as security for payment of the notes mentioned. The execution and delivery of the notes is traversed by the answer. Further defending, that pleading states substantially that the notes were executed by the officer of the defendant without authority, and in addition thereto says that the corporation was organized by the son of the plaintiff, with an attorney and a third corporator, who, upon consummating the organization, elected themselves directors, and then issued to the son $10,000 in par value of the stock of the concern in payment for an option which he had secured upon a then existing telephone line, which option cost him $1 only. The substance of the defense on this point is that these transactions were instigated by the plaintiff in conjunction with his son and carried out as a scheme to defraud a corporation defendant and acquire its property for much less than its actual value.

The allegations of the answer are traversed by the reply, which also alleges that the notes were not only regularly executed for money loaned to the corporation, but also that the acts of the officers, in issuing its commercial paper in question, were ratified by the directors and stockholders. From a decree dismissing the suit, the plaintiff appeals.

REVERSED: DECREE RENDERED.

For appellant there was a brief over the names of *Mr. John M. Pipes* and *Mr. Martin L. Pipes,* with an oral argument by *Mr. John M. Pipes.*

For respondents there was a brief over the names of *Mr. George G. Bingham* and *Messrs. Hardy, Woodley & Behrends,* with oral arguments by *Mr. Bingham* and *Mr. George N. Woodley.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. From the record it appears that the corporation was organized August 12, 1909, at which time the transaction of issuing stock to the son was completed. The note for $4,500 was executed June 1, 1911, and the other note was issued April 18, 1912. Almost without dispute, the testimony shows that the corporation actually received from the plaintiff the money involved in these two notes, and that it was expended in the enterprise in which the concern was engaged. Such circumstances firmly establish the corporation's obligation to pay the notes: *Tyler* v. *Trustees,* 14 Or. 485 (13 Pac. 329); *Calvert* v. *Idaho Stage Co.,* 25 Or. 412 (36 Pac. 24); *Finnegan* v. *Pacific Vinegar Co.,* 26 Or. 152 (37 Pac. 457); *Schreyer* v. *Turner Flouring Mill Co.,* 29 Or. 1 (43 Pac. 719); *Columbia Nav. Co.* v. *Vancouver Trans. Co.,* 32 Or. 532 (52 Pac. 513); *West* v. *Washington Ry. Co.,* 49 Or. 436 (90 Pac. 666); *Wehrung* v. *Portland Country Club,* 61 Or. 48 (120 Pac. 747).

2. The citadel of the defense is contained in the effort to connect the plaintiff with the alleged scheme to defraud the defendant by the issuance of stock which was not paid for, so as to force the defendant to borrow money and suffer the wreck of its affairs by being compelled to pay the indebtedness repre-

sented by the notes. Except mere suspicion which might attach to transactions between father and son, there is no testimony connecting the plaintiff with the transaction of issuing stock without payment of the subscription for the same. The alleged indebtedness of the son or his failure to pay for stock for which he subscribed is one thing to which such authorities as *Macbeth* v. *Danfield,* 45 Or. 553 (78 Pac. 693, 106 Am. St. Rep. 670), *McAllister* v. *American Hospital Assn.,* 62 Or. 530 (125 Pac. 286), *Shipman, Denny, Rhame & Co.* v. *Portland Construction Co.,* 64 Or. 1 (128 Pac. 989), might apply. The indebtedness of the corporation to the plaintiff for money loaned to it is another transaction. The indebtedness of the son to the corporation is not a counterclaim in favor of that institution against the debt which it owes to the plaintiff. It is no defense to say that it has neglected either by itself or its receiver to collect money which the plaintiff's son owes for stock for which he subscribed.

The decree of the Circuit Court is reversed and one entered here in accordance with the prayer of the complaint.          REVERSED: DECREE RENDERED.

---

Motion to dismiss appeal, denied July 8, 1913.