Argued January 26, decided February 3, rehearing denied March 10, 1914.

## MARKHAM v. LOVELAND.

(138 Pac. 483.)

**Evidence—Res Gestae—Declarations.**

1. While, as a general rule, the declarations of an agent cannot be shown as proof of his authority, where the payee of a note executed by an individual and indorsed by a corporation by its president refused to accept it in that condition, insisting that it be executed by the corporation as joint maker, the statement of the president, in response to an inquiry by the payee that he had authority to so execute it, together with the subsequent production of a note so executed, was admissible as part of the *res gestae.*

**Corporations—Representation by Officers—Evidence of Authority.**

2. Proof of the authority of an officer to act for a corporation need not be in the form of a resolution of the board of directors duly entered on the records, but such authority may be shown by an oral vote, or otherwise by parol, or by circumstantial evidence.

**Corporations—Representation by Officers—Authority.**

3. By-laws of a corporation, providing that the president shall sign all contracts on behalf of the corporation and shall have general charge over its business, and an entry in the corporate minutes reciting that on motion it was resolved that the president be authorized to borrow such sums as may be necessary, and to sign notes in the name of the corporation, showed the authority of the president to sign a note in the corporate name, by himself as president.

> [As to authority of officer to represent corporation, as inferred from manner in which he has been permitted to act, see note in Ann. Cas. 1913D, 646.]

From Multnomah: HENRY E. McGINN, Judge.

Department 1.    Statement by MR. JUSTICE BURNETT.

This is an action by L. B. Markham against F. C. Loveland and Rothchild Bros., a corporation.

The plaintiff declares in the usual form on a promissory note which he says was executed by the defendants Loveland and Rothchild Bros., a corporation, by Fred H. Rothchild, president, pursuant to the authority vested in said officer by said corporation. He alleges "that at all times herein mentioned the defendant Rothchild Bros. was and now is a trading cor-

poration, organized and existing under the laws of the State of Oregon.''

The defendant corporation admitted its own existence, as thus stated, but denied all other allegations in the complaint, and appeals from a judgment rendered against it by the court after a trial without a jury.

AFFIRMED: REHEARING DENIED.

For appellant there was a brief over the name of *Messrs. Bernstein & Cohen,* with an oral argument by *Mr. Alex Bernstein.*

For respondent there was a brief over the name of *Messrs. Lundburg & Lundburg,* with an oral argument by *Mr. E. R. Lundburg.*

MR. JUSTICE BURNETT delivered the opinion of the court.

It will be noted that the issue is narrowed to the question of whether or not the corporation executed the note. There is no plea of *ultra vires,* of payment, or of want of consideration. Without objection plaintiff read in evidence certain by-laws of the defendant corporation and excerpts from the minutes of a meeting of the board of directors. It appears in the former, among other things, that the president "shall sign all deeds and contracts on behalf of the corporation, and shall have a general charge and supervision over the business of the company and over its officers and employees.'' From the minutes of a meeting of the board of directors, the following is quoted:

"On motion, it was resolved that the president of the corporation be and he is hereby authorized to borrow such sums of money as may from time to time be necessary for the purposes of this corporation from any bank, banker or individual from whom the same can be most advantageously obtained, and that he be ·

and he is hereby authorized in the name of this corporation to sign all promissory notes for the same and in the name of this corporation, signing his name thereto as president, and that all the acts and doings of the president of this corporation under this resolution be and the same are hereby approved."

A. W. Norblad testified in substance that he acted as attorney for the plaintiff in the negotiations which led up to the making of the note in suit; that when he first saw the instrument it was signed by the defendant Loveland alone, as maker, but was indorsed by the defendant Rothchild Bros., by Fred H. Rothchild; that, acting for his client, he refused to accept the note in that form and caused it to be returned to the defendant corporation; that afterward its president, Fred H. Rothchild, called the witness over the telephone, and, in the conversation which ensued, contended that the indorsement made the corporation liable on the note; that the witness persisted in declining the note and demanded that it should be signed by the corporation, as maker, and inquired if the president had authority so to execute the note; that he was assured by Rothchild that he had, to which the witness replied that, unless he had such power, he must get it from the board of directors; and finally that afterward the note was delivered to him, signed not only by Loveland as before, but also by "Rothchild Bros., by Fred H. Rothchild, president."

1. The contention of the defendant, under these circumstances, is that the mere title of president bestowed upon an officer of the corporation does not of itself give him authority to execute a contract on behalf of the concern; and further that his own declarations, made in this instance to the witness Norblad, are not competent to prove his authority. This contention is sound if applicable to the facts disclosed

by the testimony. In our judgment, however, the by-laws quoted and the record of the meeting of the board of directors contain amplè authority for the president to sign the note in question. While it is true, also, that as a general rule the declarations of an agent cannot be shown as proof of his authority to act, yet the conversation between Norblad and the president of the defendant corporation are admissible as part of the *res gestae,* and as a circumstance tending to show, not the authority of Rothchild at the time, but that he actually affixed his signature to the instrument in question. The whole conversation, taken together, indicates that Rothchild was acting with respect to the particular paper described in the complaint, and that he was required by Norblad, acting for the plaintiff,' to sign the corporate name as a maker. In the light of such a situation, the fact that it afterward appeared with that signature attached is competent as circumstantial evidence at least to show that he actually signed the document as there appears.

2. The action of the Circuit Court in sustaining the note as commercial paper of the corporation is well within the reason of the rule laid down in 4 Thompson, Corporations (1 ed.), Section 4624, cited with approval in *Columbia Nav. Co.* v. *Vancouver Trans. Co.,* 32 Or. 532 (52 Pac. 513), to the effect that proof of the authority of an officer to act for the corporation "need not be made in the form of a resolution of the board of directors, duly entered upon the records of the corporation conferring the authority upon the president, but that the act of the directors may be shown by an oral vote, and may be otherwise proved by parol, and often equally well by circumstantial evidence."

3. In short, the excerpts from the by-laws and records of the directors' meeting confer upon the president the power to do an act of the kind in question.

The circumstances disclosed by the testimony of Norblad are competent to prove that in very truth he exercised his authority thus conferred, and signed the note as the act of the corporation. Under modern business conditions, where the commonest every-day transactions are corporate acts, it would be intolerable if everything were required to be proven by a special resolution of the board of directors in each instance.

On the issue presented, the Circuit Court committed no error in the judgment. It is affirmed.

AFFIRMED: REHEARING DENIED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE MOORE and MR. JUSTICE RAMSEY concur.