## A. A. KRUMPELMANN, Respondent, v. ULSAKER PRINTING CO., a Corporation, Appellant.

### (197 N. W. 689.)

**Corporations — divisible contract, though in part unauthorized, enforceable to the extent of agent's authority.**

1. Where an officer of a corporation enters into a contract on behalf of the corporation, part of which is within and part without his authority, the contract, if divisible, may be enforced against the corporation to the extent of the part which was within the agent's authority.

**Corporations — authority of president left in entire control of business presumed and no special authorization or ratification necessary.**

2. Where the members of the board of directors of a corporation have failed to exercise the functions of their offices for about three years and have abandoned the management and control of the corporate business entirely to the president of the corporation, it will be presumed that such officer was authorized to do, in the name of the corporation, whatever the corporation might lawfully do, and no special authorization or ratification of his acts need be shown.

**Appeal and error — new trial — new trial for insufficiency of evidence discretionary: ruling on motion for new trial for insufficiency of evidence not disturbed, unless abuse of discretion shown.**

3. A motion for a new trial on the ground of insufficiency of the evidence is addressed to the sound, judicial discretion of the trial court, and its ruling on such motion will not be disturbed unless clearly wrong, i. e., unless an abuse of discretion is shown.

Opinion filed February 27, 1924.

Agency, 2 C. J. § 519 p. 837 n. 57. Appeal and Error, 4 C. J. § 2816 p. 833 n. 57. Corporations, 14a C. J. § 2210 p. 348 n. 38; § 2224 pp. 362 n. 72, 363 n. 81 New; § 2249 p. 396 n. 12. New Trial, 29 Cyc. p. 1009 n. 54.

Appeal from the district court of Cass County, *Cole, J.*

Note.—(1) Right to enforce divisible contract against corporation, see 7 R. C. L. 627.

(2) Authority of president of corporation to adopt and ratify contract made by himself for corporation, see 7 R. C. L. 451.

(3) Insufficiency of evidence as grounds for new trial, see 2 R. C. L. 217; 1 R. C. L. Supp. 453; 5 R. C. L. Supp. 83.

Defendant appeals from the judgment and from an order denying a motion for judgment notwithstanding the verdict or for a new trial.

Affirmed.

*Brickner & Knox,* for appellant.

"Any contrivance which reduces the two parties to one, and admits the agent representing antagonistic interests to make a bargain for himself is so far against the policy of the law that the contract must be held *void,* unless the principal chooses afterward, with knowledge of all the circumstances that affect his position, to ratify the act of his agent.

"A person cannot as director or other officer of a corporation enter into a valid contract with himself in his individual capacity, or be both vendor and vendee." Pacific Vinegar & Pickle Works v. Smith, 145 Cal. 352, 104 Am. St. Rep. 42, 78 Pac. 550.

Under Rev. Civ. Code, §§ 1619, 1623, providing that neither a trustee nor any of his agents may take part in any transaction concerning the trust in which he or any one for whom he acts as agent has an interest adverse to that of his beneficiary, a director and vote on a resolution increasing his salary, and his wife, also a director is equally incompetent. Ritchie v. People's Teleph. Co. 22 S. D. 598, 119 N. W. 990.

The court holds in the above case that such a transaction is void. Ibid.

In all dealings with third persons, directors are agents of the corporation but they are trustees in relation to the corporation. Fletcher, Cyc. Corp. § 2264; National Drama Corp. v. Burns, 182 N. Y. Supp. 739.

"A deed executed by the cashier of a state bank to himself as an individual is in the absence of affirmative evidence of such authority, presumptively void and of no effect." Northwestern F. & M. Ins. Co. v. Lough, 13 N. D. 601.

"A contract by which a director uses his official power and influence to his own personal advantage, or to the advantage of third persons, and to the disadvantage of the corporation is immoral and corrupt, in the sense that it will not be judicially enforced."

It is therefore said to be either void, or to inure to the benefit of the corporation. 10 Cyc. 793 (c).

A promissory note made by a corporation to its trustees is against public policy and void. Wilbur v. Lynde, 49 Cal. 290, 19 Am. Rep. 645; Davis v. Rock Creek L. F. & M. Co. 55 Cal. 359, 36 Am. Rep. 40.

A director or other officers may not either directly or indirectly derive any personal profit, benefit, or advantage by reason of his position than is not enjoyed in common by all the stockholders. 14a C. J. § 1891.

The secretary and treasurer of a corporation has no implied authority as such to indorse notes for his individual use. Security Bank v. Kingsland, 5 N. D. 263, 65 N. W. 697.

A board of directors cannot contract where a majority are adversely interested. Miley v. Heaney, 168 Wis. 58, 169 N. W. 64.

A corporate officer cannot make a profit out of his trust or agency without making disclosure to the corporation. 10 Fletcher, Cyc. Corp. p. 385, § 2303.

Thus directors cannot take advantage of their official position to obtain a personal profit to the detriment of the stockholders. (Fletcher Idem.) Axford v. Western Syndicate Inv. Co. 141 Minn. 412; Glenn v. Kittanning Brewing Co. 259 Pa. 510, L.R.A.1918D, 738, 103 Atl. 340, Ann. Cas. 1918D, 769.

A president of a corporation cannot use corporate property or his office for private gain. Keely v. Black, 90 N. J. Eq. 439, 107 Atl. 825.

"An officer cannot represent both himself and the corporation where his personal interests are adverse to those of the corporation." F. T. Gunther Grocery Co. v. Hazel, 179 Ky. 775, 201 S. W. 336.

Parties contracting with officers of a corporation must ascertain the scope of their powers and authority. Des Moines Mfg. & S. Co. v. Tilford Mill Co. 9 S. D. 542, 70 N. W. 839.

The burden of showing the fairness and honesty of his dealings with the corporation is on the director, officer or agent. 14a C. J. § 1888.

"A deed executed by the cashier of a state bank to himself as an individual is in the absence of affirmative evidence of such authority, presumptively void and of no effect." Northwestern F. & M. Ins. Co. v. Lough, 13 N. D. 601.

Notice of the want of authority of an officer of a corporation to execute a note must be imputed to the assignee of such note when such

officer is also the payee therein.   Smith v. Los Angeles Immigration Land Co-op. Asso. 78 Cal. 289, 12 Am. St. Rep. 53.

*Theodore Koffel,* for respondent.

Where an act is ultra vires not for want of power in the corporation but for want of power in its agents or officers, or because of the disregard of mere formalities which the law required to be observed, or is an improper use of one of the enumerated power and may be proper as to third persons.   7 R. C. L. 675, note 1.

Ultra vires executed contract made in good faith, the corporation having received and retained the benefit, though cannot be impeached by it or by any one in its behalf.   Eastman v. Parkinson, 13 L.R.A. (N.S.) 921, and note.

Neither the corporation nor the person contracting with it can question the power of a corporation to enter into the contract as the situation is like that of estoppel.   7 R. C. L. 675, note 2; Harris v. Independence Gas Co. 13 L.R.A.(N.S.) 1171.

In modern cases, the rule has been announced that plea of ultra vires should not be allowed to prevail whether interposed for or against a corporation when it will not advance justice but on the contrary will accomplish a legal wrong.   7 R. C. L. 676, note 10; Carson City Sav. Bank v. Carson City Elevator Co. 51 N. W. 641; Bell v. Kirtland, 113 N. W. 271.

Where a corporation received the money or property of another under an agreement of duty to account therefor it may be compelled to perform such duty, though the transaction was ultra vires; or if one obtains the money or property of others without authority, the law independently of express contract, will compel restitution or compensation.   7 R. C. L. 677, notes 15, 16; Emigh v. Earling, 115 N. W. 128.

A corporation cannot violate its charter for pecuniary gain and retain the benefits of its illegal conduct by putting up the defense of ultra vires.   7 R. C. L. 678, notes 3, 4; Zinc Carbonate Co. v. First Nat. Bank, 79 N. W. 229; Day v. Spiral-spring Buggy Co. 23 N. W. 628.

The great majority of the authorities permits a recovery directly upon the contract, on the ground that the corporation having received money, property or profits by virtue of the contract is estopped to deny liability.   7 R. C. L. 680, notes 11, 12; Wood v. Corry Waterworks

Co. 12 L.R.A. 168, and note; Wisconsin Lumber Co. v. Green & W. Teleph. 101 N. W. 742.

This state has adopted this view as shown by the number of decisions of this court relating to banks, officers and directors of state banks and other corporation where the defense of the ultra vires has been raised. Murphy v. Hennan, 37 N. D. 136, 164 N. W. 32.

So a loan made by a national bank upon real estate security is not void but avoidable and neither the debtor nor an officer or agent of the bank on behalf of the bank can raise it as a defense. First Nat. Bank v. Messner, 25 N. D. 263, 141 N. W. 999.

Neither of the parties to a contract wherein a national bank purchases the stock of another corporation can set up the invalidity of the contract on the ground of ultra vires after it has been performed. Tourtelot v. Whithed, 9 N. D. 467, 84 N. W. 8; Anderson v. First Nat. Bank, 3 N. D. 451, 67 N. W. 821; First Nat. Bank v. Flath, 10 N. D. 281, 86 N. W. 867; First Nat. Bank v. Peavy Elevator Co. 10 S. D. 167, 72 N. W. 402.

A corporation is bound without formal action where it has accepted benefits under a contract. Davis v. Brown County Coal Co. 21 S. D. 173, 110 N. W. 113.

The president of a corporation who is also the managing agent is authorized to make contracts for the corporation. Wood v. Saginaw Gold M. U. M. Co. 29 S. D. 161, 105 N. W. 101.

A corporation receiving the benefit of a contract is estopped from pleading that it was ultra vires. Mitchell v. Dakota Teleph. Co. 127 N. D. 582; Clark v. Olson, 9 N. D. 367, 83 N. W. 519; United States Sav. Loan Co. v. Shain, 8 N. D. 136, 77 N. W. 1008.

The acts of an officer of a corporation to whom the control of its affairs had been abandoned by its officers need not be authorized or ratified by the nominal board of directors as it will be presumed that he is authorized by the corporation to do any act that it might lawfully do. Tourtelot v. Whithed, 9 N. D. 467, 84 N. W. 8; Hunt v. Northwestern Mortg. Trust Co. 92 N. W. 23; Dedrich v. Ornsby Land & Mortg. Co. 80 N. W. 153; Erskine v. Nelson County, 4 N. D. 66, 58 N. W. 348.

The plaintiff in this action has fully shown by record and evidence the corporation received the benefit of the contract and has sustained

the burden of proof. International Harvester Co. v. State Bank, 38 N. D. 637, 166 N. W. 507.

CHRISTIANSON, J.   The defendant corporation is engaged in the printing business.   One, I. H. Ulsaker, was the manager and president of the corporation and the principal stockholder therein.   On or about January 5th, 1921, certain arrangements were made between said I. H. Ulsaker and the plaintiff and one E. H. Dummer, whereby the said plaintiff and said Dummer agreed to enter into the employ of said Ulsaker Printing Company and work for it during the year 1921.   The original arrangement was verbal.   Later the following written instrument was executed:

A. A. Krumpelmann,
    Fargo, N. Dak.
Dear Sir:
    This is to confirm the verbal agreement between the Ulsaker Printing Company Inc., and yourself, that the net profits of the business for the year Nineteen Hundred and Twenty-one be equally divided between, I. H. Ulsaker, O. H. Ulsaker, E. H. Dummer and A. A. Krumpelmann.
    Signed and witnessed this fifth day of January 1922.

Ulsaker Printing Co.
            By I. H. Ulsaker,
                        Manager.
        A. A. Krumpelmann.

Dummer assigned to the plaintiff "all right, title and interest in and to all sums and monies due or owing to him and all claim, demands and cause or causes of action of any kind," which he had against the defendant under said agreement.   The plaintiff brought this action to recover the sum which he claims is due him, personally, and as assignee of Dummer.   The case was tried to a jury and resulted in a verdict in favor of the plaintiff for the sum of $1,166, with interest from January 5th, 1922, at 6 per cent per annum.   The defendant moved for judg-

ment notwithstanding the verdict or for a new trial. The motion was denied and defendant has appealed from the judgment and from the order denying its motion for judgment notwithstanding the verdict.

The first and principal contention advanced by the appellant is that the contract under which plaintiff seeks to recover in this action is void for the reason that I. H. Ulsaker, the president and manager of the defendant corporation, represented both the defendant corporation and himself as an individual in making such contract, and that he, as an individual, receives a direct benefit thereunder. In other words, it is contended that the agreement under which recovery is sought here falls within the rule which prohibits a corporate officer from representing both himself and the corporation in a transaction in which his and the corporation's interests are adverse. The rule alluded to is a salutary one and should doubtless be applied in all cases which fall within it. The rule is in fact merely an application of the general principle of agency which prohibits an agent from representing both himself and his principal in a transaction in which their interests are adverse and antagonistic. The object of the rule is to obtain fidelity on the part of the agent "and, as a means of securing it, the law will not permit the agent to place himself in a situation in which he may be tempted by his own private interest to disregard that of his principal." 7 R. C. L. p. 480. In our opinion the rule sought to be invoked has no application in this case. This is not an action to enforce a contract between a corporation and one of its officers. Neither Krumpelmann nor Dummer were officers of the defendant corporation. It is true the written memorandum states that a certain portion of the profit is to be delivered to I. H. Ulsaker, but that statement is not a part of the contract between the defendant corporation and Krumpelmann and Dummer. The rights and obligations of these persons are not dependent upon the rights and obligations of I. H. Ulsaker. The rights and obligations of each of the four persons named in the written memorandum were separate and independent. The right of each to be compensated depended upon his performance of the duties assumed under the contract. If O. H. Ulsaker and E. H. Dummer had died shortly after the arrangement was made or had refused to perform the duties assumed under the contract, manifestly this would not have affected the right of the plaintiff Krumpelmann to recover if he had proceeded

with and performed his duties under the contract. We see no distinction between the situation presented here and that which would have existed if I. H. Ulsaker, as an officer and on behalf of the defendant corporation had made four separate and distinct contracts, i. e., a separate and distinct contract with each of the four persons named in the written memorandum, and each of such contracts had stipulated that the person named therein should receive for his services, in addition to other compensation, one-fourth of all the net profits of the defendant corporation during 1921. In that case each contract would stand by itself, and the contract of Dummer, Krumpelmann or O. H. Ulsaker would not be affected by any defect which might inhere in the contract between I. H. Ulsaker and the defendant corporation. If the arrangement between the parties and the corporation be deemed as one contract, the result is not changed, for the contract is clearly divisible. And even though it be conceded that the contract insofar as it relates to the defendant corporation and I. H. Ulsaker is invalid, this does not render it invalid as to the other persons. It is well settled that "where an officer enters into a contract in behalf of the corporation, part of which is within and part without his authority, the contract, if divisible, may be enforced against the corporation to the extent of the part which was within the agent's authority." 7 R. C. L. 627.

It is further contended that the contract is invalid for the reason that it is not shown that I. H. Ulsaker was authorized by the board of directors to make such contract on behalf of the corporation, and that in the absence of such showing it must be assumed that I. H. Ulsaker was not so authorized. In our opinion the contention so advanced presents merely an academic question and one not decisive of, or controlling in, this case. The undisputed evidence here shows that I. H. Ulsaker was the principal stockholder, a member of the board of directors, president and general manager of the defendant corporation. The undisputed evidence further shows that for more than three years no meetings of stockholders had been held at all and that during all of this time the corporation acted solely through I. H. Ulsaker as its representative. In other words, the undisputed evidence shows that I. H. Ulsaker in fact handled the corporation and its affairs as though the business were his own and that for all actual and practical purposes in the conduct of such business I. H. Ulsaker was the Ulsaker Printing Company. In

these circumstances there can, we think, be no question but that a contract made by I. H. Ulsaker in behalf of the corporation, which the corporation itself might legally have made through its board of directors, must be deemed the contract of the corporation. As was said by this court in Tourtlelot v. Whithed, 9 N. D. 467, 474, 84 N. W. 8:

"It is undisputed that when that contract was made, and for months prior thereto, the members of the board of directors of said bank had ceased to exercise the functions of their offices, or to take part in the management of the affairs of the bank. The whole control and management of its affairs was then, and for months had been, in the hands of the president. It was by and through him that this stock contract was made. Where the entire control of the affairs of the corporation has been thus abandoned to one of its officers, it will be presumed that he is authorized by the corporation to do any act that the corporation might lawfully do, and the acts of such officer in transacting the business of the corporation need no authorization or ratification from a nominal board of directors. Cox v. Robinson, 27 C. C. A. 120, 48 U. S. App. 388, 82 Fed. 277; Washington Sav. Bank v. Butchers & D. Bank, 107 Mo. 134, 28 Am. St. Rep. 405, 17 S. W. 644; Kraniger v. People's Bldg. Soc. 60 Minn. 94, 61 N. W. 904; Martin v. Webb, 110 U. S. 7, 28 L. ed. 49, 3 Sup. Ct. Rep. 428; Calvert v. Idaho Stage Co. 25 Or. 412, 36 Pac. 24; Ceeder v. H. M. Loud & Sons Lumber Co. 86 Mich. 541, 24 Am. St. Rep. 134, 49 N. W. 575; Thomp. Corp. § 4883."

It is next contended that the evidence does not establish that the defendant corporation made any net profits during the year 1921, and that consequently the verdict is contrary to the evidence. As we view the evidence there was a conflict therein on the question of the amount of net profits. According to the contention of the plaintiff and evidence adduced in support thereof the net profits were larger than the jury found them to be; and according to the contention of, and evidence adduced by, the defendant there were a number of uncollectible accounts incurred during the year which ought not to be considered at all, and there were in fact no profits at all resulting from the business of the defendant in 1921. This feature of the case was submitted to the jury under instructions eminently fair to both sides, and the jury found that the plaintiff was entitled to recover $1,166. In other words,

the jury found that the total net profits during the year 1921 amounted to $2,332. The trial court, when asked to order judgment notwithstanding the verdict or award a new trial, ruled that the evidence was sufficient to sustain the verdict. And in our opinion under the evidence in this case that ruling must be sustained. Malmstad v. McHenry Teleph. Co. 29 N. D. 21, 149 N. W. 690. In other words, we do not believe that it can be said, as a matter of law, that the evidence failed to show that the net profits of the business of the defendant corporation for the year 1921 amounted to at least $2,332.

The judgment and order appealed from are affirmed.

BRONSON, Ch. J., and NUESSLE, JOHNSON, and BIRDZELL, JJ., concur.